WILLIAM L. BANNING *et als.*, Appellants, *vs.* SAMUEL C. EDES, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

P sold to B, certain real estate, and executed a deed for the same, which was delivered to a third person to be held until B should execute a mortgage for part of the purchase money. The mortgage was subsequently executed by B, bearing date several days after the deed, though both were delivered at the same time. Previous to the execution of the deed and mortgage, a judgment had been docketed against B in the same County in which the real estate was situated, and was then unsatisfied. *Held* That the deed and mortgage were to be considered as parts of one and the same transaction, and that the lien of the mortgage took precedence to that of the judgment.

The date of a deed or mortgage is only presumptive evidence of the time of delivery, and this presumption may always be rebutted by proof.

Judgment creditors (previous to the statute of 1858) are not in equity regarded as *bona fide* purchasers, and entitled to the consideration which equity gives them, when they become such without notice, for a valuable consideration actually paid; but they are looked upon simply as proceeding *in invitum* to enforce their legal demands, and are not entitled to the same favor as a purchaser, whose right may be enforced through the conscience of the other party.

This action was brought in the District Court of Ramsey County, to foreclose a certain mortgage executed by D. A. J. Baker and wife, to one Charles W. Pairo,—the Plaintiff claiming under an assignment of said mortgage. The Defendants, Banning and Knox, interposed answers, claiming title under a judgment against Baker, and which title they claim takes precedence of Plaintiff's mortgage.

It appears that on the 5th day of June, 1856, Pairo owned the land in fee, and on that day entered into a contract of sale therefor with said Baker, upon the conditions of said Baker paying therefor the sum of $1358.33, as follows: $459.44 in cash, upon the delivery of the warranty deed, the balance in two promissory notes, to be signed by said Baker, and secured by a mortgage upon the property. Pairo and wife signed, sealed and acknowledged a warranty deed for the property, dated June 6th, 1856, and the same was thereupon delivered to one Emmerson, to be held by him until said Baker complied with and performed the conditions of the contract of sale. There were no subscribing witnesses to the deed, and it was not witnessed or attested in any manner.

It remained in Emmerson's possession until June 16th, 1856, when the said Baker and wife, having executed the mortgage, and said Baker having made the cash payment and the two notes, the warranty deed was delivered to him by said Emmerson, who then received the cash, notes and mortgage, in complete fulfillment of the contract of sale. The warranty deed was filed for record on the 21st day of June, 1856, at eleven and a half o'clock, A. M., and the mortgage in fifteen minutes thereafter, and Baker entered into possession of the property.

On the 9th day of April, 1855, the Bank of Hallowell recovered a judgment against said Baker, which was then duly docketed in the county of Ramsey, where said lands were situated.

On the 27th May, 1857, an execution was issued and levied upon the lands described in the mortgage, and the property afterwards duly sold as the property of said Baker. The Defendants, Knox & Banning, claim under the purchasers at sheriff's sale. As conclusions of law, the Court below found that the title to said premises did not pass from Pairo and wife to Baker until the actual delivery of the deed on the 16th June, 1856; that the execution of the said mortgage upon the premises, in accordance with the contract of sale, and as a condition precedent to the delivery of the said deed, had the effect to give said Pairo a first lien upon said premises, as against all judgment creditors of said Baker, whether prior or subsequent. That the lien or claim of the Defendants, Knox and Banning, and the other Defendants named, is subsequent to the lien of said mortgage and subordinate thereto : and thereupon the usual decree of foreclosure was granted to the Plaintiff. The Defendants appeal from the judgment.

Points and Authorities for Appellants.

1. A purchaser under a Sheriff's title, who has placed his deed on record, is equally protected as any other purchaser under our registry laws, and takes title from the judgment lien. *Jackson vs. Chamberlain,* 8 *Wend.* 620 ; *Jackson vs. Dubois,* 4 *Johns,* 220 ; 1 *Hill. on Mort.* 665.

2. The lien of the judgment would attach "*eo instanti*," when the title vested in Baker, which was prior to the mortgage, however short the time, and whether the title was equitable or legal under our statutes. *Comp. Stats. Minn. p.* 566; *Definition of the word "lands" and Real Estate, ibid p.* 114 ; *and see construction of these words, Blair vs. Stewart,* 2 *Iowa,* 381 ; *Corkhuff vs. Anderson,* 3 *Binney,* 13.

3. If the deed, (by the omission of witnesses) was insufficient, Baker was still the equitable owner, having complied with the terms of purchase, and being entitled to possession, &c. *Sec.* 3, *chap.* 32, *Comp. Stats., p.* 383 ; *Jackson vs. Town,* 4 *Cow.,* 599, 601 ; *Jackson vs. Bateman,* 2 *Wend.,* 570 ; *Jackson vs. Walker,* 4 *Wend.,* 462 ; *Corkuff vs. Anderson,* 3 *Binney,* 13 ; and his title would therefore be bound by the judgment lien. See authorities before cited.

4. The grantor having executed covenants of warranty, is estopped from claiming against it. 1 *Greenleaf on Ev., sec.* 24, and authorities cited.

5. The deed being acknowledged, dispensed with further probate under our statute, and therefore subscribing witnesses were not essential. *Sec.* 1, *chap.* 35, *Comp. Stats.,* 397 ; *sec.* 8 *ibid, p.* 398 ; *sec.* 14, 399 ; *sec.* 26, *p.* 400. *ibid.*

6. The Plaintiff here claims under Baker's title, and is therefore estopped from denying it. *Adams on Ejectment, p.* 276 (*p.* 313 *to* 315 *and notes*) ; *Whiteside vs. Jackson,* 1 *Wend.,* 418.

7. The defect of subscribing witnesses, if essential, would be a defence to the foreclosure.

8. The face of the record title shows the deed to be prior to the mortgage, the dates being presumptive of the time of delivery. *McConnell vs. Brown, Litt. Sel. Cases,* 459, *cited in* 2 *U. S. Digest, sec.* 65 ; *Sweetzer & Lowell,* 33 *Maine,* 446.

9. A purchaser having no notice but the record has a right to rely on it as it appears, and is only bound by the facts shown in the record. *Dana vs. Newhall,* 13 *Mass.,* 498 ; *Somes vs. Brewer,* 2 *Pick,* 184 ; *Blight vs. Schenck,* 10 *Burr.,* 295 ; *Peirce vs. Taylor,* 10 *Shep.,* 246 ; *Naylor vs. Throckman,* 7 *Leigh,* 48 ; 1 *Hilliard on Mort., p.* 666; *sec.* 4*a,* &c., *Fridley vs. Hamilton,* 17 *Serg. & R.,* 70.

10. The question of time being material to the purchaser's title, the Plaintiff and his grantor are estopped from denying that the estate passed at a different time from its date. *Fribbe vs. Oldham*, 5 *J. J. Marsh*, 137; *Bank of Limestone* 1 *J. J. Marsh*, 378; *Milliken vs. Coombs*, 1 *Greenl.*, 343; *Dyer vs. Rich*, 1 *Metcalf*, 150; 2 *Smith's leading cases, Am. Ed.*, 567, *and authorities.*

.11. There having been a previous contract for the sale on the 6th June, 1856, and the deed being executed on the same day in pursuance thereof, the title vested on that day by relation. *Jackson vs. Bell*, 1 *Johnson's Cases*, 81 *and note.*

12. From the nature of the case the title under the deed vested before the mortgage, the latter being a reconveyance of the prior title, in fact, as well as according to the intent of the parties. 1 *Hill. on Mort., p.* 666, *sec.* 4*a*; *Naylor vs. Throckmorton*, 7 *Leigh*, 98; *Exparte Stagg*, 1 *N. and M.*, 405; *Lemon vs. Heirs of Jacob Staats*, 1 *Cow.*, 592; *sec* 29 1 *Greenleaf's Ev., p.* 38.

II.—The vendor in this case had no lien or equitable charge on the land outside of the lien created by the mortgage—his vendor's lien having been waived by taking a mortgage on the land. *Selby & Stanley vs. Cooley*, 4 *Minn. R.* 65. Nor had the purchaser any notice of such an equity, if it existed. *Ibid.*

III.—The equities of the purchaser, without notice, preponderate, as the vendor is liable to laches in not reciting in the mortgage his equitable claim for purchase money.

Points and Authorities of Respondent.

I.—In the case of a sale and conveyance of land, and a mortgage taken at the same time, in return, to secure the payment of the purchase money, the mortgage will have preference over a prior docketed judgment against the purchaser and mortgagor. The deed and the mortgage are considered as parts of the same contract, and constituting one act; and justice and policy equally require that no prior judgment against the mortgagor should intervene and attach upon the land, during the transitory seizin, to the prejudice of the mortgage.

This is the language of Kent, in *4th Kent, p.* 174, and is undisputed law. See also the following authorities, viz.: *Talman vs. Farley,* 1 *Barb. S. C. R.,* 280; *Holbrook vs. Finney,* 4 *Mass.,* 566; *Clark vs. Monroe,* 14 *Mass.,* 351; *Stow vs. Tift,* 15 *John.,* 457; *Jackson vs. Austin,* 15 *John.,* 477; *Haywood vs. Nooneg,* 3 *Barb. S. C. R.,* 643; *Kersted vs. Avery,* 4 *Paige,* 9; *Rawson vs. Lampan,* 1 *Selden,* 456.

In such cases the question is when did the deeds take effect, and the estates actually pass? The date of the instruments have nothing to do with the time that the estates pass. The deeds operate when delivered, and the date of the deeds could only be important as raising a presumption of the time when they took effect, when other and better proof is wanting, which presumption yields instantly to the real fact when found, as in the case at bar.

II.—A sale of the land of the debtor under a judgment can only pass such an interest and estate as the judgment debtor then has, or has had at some time during the pendency of the lien of the judgment in the land sold. That interest and estate, and that only, is what the officer making the sale advertises and offers for sale, and the language of every writ, advertisement, certificate and conveyanee, connected with the sheriff's sale, under which the Appellants claim, shows that the interest of Baker and nothing more was the subject of the sheriff's sale and conveyances.

III.—If the Appellants claim any immunities or equities in this case growing out of the plea that they are innocent purchasers for value, we answer them in various ways.

1. The case at bar does not show them to be such.

2. That they are not innocent purchasers for value under the statute known as the recording act; the statute only makes void a prior unrecorded conveyance, as against a subsequent recorded one to a purchaser *bona fide. Pub. Stat., p.* 40, *sec.* 24; *Clark vs. Graham,* 6 *Wheaton,* 567; *Stone vs. Ashley et al.,* 13 *N. H.,* 38; *French vs. Freach,* 3 *N. H.,* 234; *Pritchard vs. Brown,* 4 *N. H.,* 397; *N. H. R. S.,* 244; *Carter vs. Champion,* 8 *Conn.,* 549; *White vs. Wheaton,* 8 *Conn.,* 535. These decisions are sustained by *Stevenson vs. Cloud,* 5 *Blackf.,* 91; 2 *Hill.,* 392, 314; no estoppel, see 26 *Conn.,* 195, in library.

3. The Appellants claim no title in the premises except what comes through this defective deed, and the rule is settled beyond controversy that a purchaser of lands is bound to notice defects of title, and such incumbrances, as appear on the face of any deed, through which he derives title.   6 *Michigan*, 116.

To entitle himself to protection in equity, as an innocent purchaser for value, and thereby defeat prior equities existing at the time of the purchase, the party must show that the purchase he so made in good faith was of the legal estate in the land; for the purchaser of an equitable estate only, of anything less than the full legal estate, takes subject to every outstanding equity.   2 *Eq. Lead. Cases, part* 1, *p.* 63, *et seq.; Boone vs. Chilles,* 10 *Peter,* 177; *Krammer vs. Arthurs,* 7 *Barr.,* 165; *Gallion vs. McCaslin,* 1 *Blackf.,* 91; *Schiras vs. Craig,* 7 *Cranch,* 34, 48; *Vattier vs. Hind,* 7 *Peter,* 271; *Sargent vs. Ingersoll,* 7 *Barr.,* 340; *Parsons vs. July,* 1 *Yerger,* 296.

5. The purchaser at a Sheriff's sale of the legal estate even, is not regarded as a *bona fide* purchaser for value.   As to whether he can claim the benefit of the recording acts, so that his deed from the Sheriff, when recorded, shall prevail over a prior unrecorded deed of which he has no notice, the decisions are conflicting.   The following authorities and many others hold that he cannot, viz.: *Freeman vs. Hill,* 1 *Dev. & Bat. Eq.,* 389; *Polk vs. Gallont,* 2 *Id.,* 395; *The Bank of South Carolina vs. Campbell,* 2 *Richardson's Eq.,* 179; *Williams vs. Hollinsworth,* 1 *Shobhart,* 102.

Other authorities hold that the recording acts apply to such purchasers, and that they are taken out of the general rule by virtue of the statutes.

6. It cannot be pretended that a purchaser at a Sheriff's sale stands on higher equitable grounds as innocent purchasers, than do innocent purchasers claiming direct from the judgment debtor.

7. But Baker was in possession of the premises, and therefore the character, nature and extent of his title to the same, was always to be ascertained by enquiry on the premises; such possession is constructive notice to the world.   In con-

nection with this fact, the records in the office of Register of Deeds for Ramsey county, showed that the deed to Baker and the mortgage back was one transaction, and fully sufficient to put the subsequent purchaser on enquiry whether the mortgage was not in fact for the purchase money. The rule is that whatever would put an ordinarily prudent man on enquiry, which enquiry would lead to the discovery of a fact, shall be deemed constructive notice of that fact. *Taylor vs. Stibbet*, 2 *Ves. Jr.*, 437; 13 *Ves. Jr.*, 118; 14 *Ves. Jr.*, 426; *Jackson vs. Neely*, 10 *John.*, 374.

The Appellants, then, looking up the title to this land, and finding that Baker gets title from Pairo and then immediately mortgages it back to him, could hardly have concluded otherwise than that the mortgage was for the purchase money. As prudent men, then, seeing a mortgage like this executed back by the vendee to the vendor, they should have asked Baker, who was on the premises, if the mortgage was not for the purchase money, or they could have sought this information from Pairo, whose residence was named both in the deed and mortgage.

HORN & GALUSHA, Counsel for Appellants.

GEO L. & E. A. OTIS, Counsel for Respondent.

*By the Court*—ATWATER, J.—The deed from Pairo to Baker of the premises in dispute, had no witnesses, and the objection has been raised upon the argument that nothing passed by that instrument, and that the title still remains in Pairo. In the view taken by the Court of this case, it seems unnecessary to examine this objection. Both parties claim title through Pairo, and under Baker. The pleadings of both parties recognize the legal title in Baker, nor does there seem to have been any question raised in the Court below as to his title. The contest between the parties is for Baker's title or interest whatever the same may be; the respective right of the parties thereto has been the question acted upon by the Judge before whom the cause was tried, and is the only one in fact upon which the decision of this Court seems desirable or important.

The deed and mortgage bear different dates, but the finding of the Court shows that they were delivered at the same time, and that the deed was recorded fifteen minutes previous to the record of the mortgage. The instruments take effect from the time of delivery, and the question is, where a deed is executed for land, and a mortgage at the same time taken back by the grantor, to secure the purchase money, will a prior judgment against the mortgagor take precedence of the mortgage as a lien upon the premises? The Court below held, we think correctly, that the mortgage lien was prior to that of the judgment.

Such we understand to be the rule as settled in England, and in several of the States at least of this country. It is based upon the ground that the deed and mortgage are considered as parts of the same contract, and constituting one act, and in the eye of the law there is no moment of time in the transfer when the lien of the judgment could gain preference of the mortgage. Whether or not this reasoning be strictly and logically correct, it is obvious, as remarked by Justice Kent, that "justice and policy equally require that no prior judgment against the mortgagor should intervene, and attach upon the land during the transitory seizin, to the prejudice of the mortgagee." 4 *Kent's Com.*, 174. This principle has been recognized in numerous cases, among which may be cited, *Holbrook vs. Finney*, 4 *Mass.*, 566; *Clark vs. Munroe*, 14 *Mass.*, 351; *Stowe vs. Tifft*, 15 *John.*, 457; *id.*, 477; *Talman vs. Farley*, 1 *Barb. S. C. R.*, 280; *Haywood vs. Nooney*, 3 *Barb.*, 643; *Kiertsted vs. Avery*, 4 *Paige*, 9; *Ransom vs. Lampan*, 1 *Selden*, 456; *Kittle vs. Van Dyck*, 1 *Sand. Ch. R.*, 76, *The Farmers' Loan and Trust Co. vs. The People*, 1 *Sand.*, 139; 2 *Gill. & Johns.*, 318; 4 *Leigh.*, 30; 1 *McCord's Ch. R.*, 270.

It is claimed by Appellants that the decisions in the New York Courts are not here authority, for the reason that in cases like the present, the statutes of that State expressly make the mortgage lien prior to that of the judgment. It is true such a statute exists in that state, but that the law was comparatively well settled previous to the enactment of the statute, appears manifest from an examination of the authorities; and

vol vi.—52

in Kent, (above cited,) it is said that' "this sound doctrine is, for greater certainty, made a Statute provision in New York." The act was manifestly declaratory of the rule at common law, though some doubts had been raised concerning it, which it was the object of the statute to remove. The case of *Holbrook vs. Finney*, above cited, was not decided upon any statute, but upon principles settled by the English authorities, and although that was a case involving the right of dower, it is entirely analagous to the case at bar, and was decided upon the ground that the husband had only an instantaneous seizin, upon which the right of dower could not attach. And Spencer, Justice, in *Stow vs. Tifft*, 15 *John.*, says, "I entirely agree in the opinion expressed by Ch. J. Parsons in the case of *Holbrook vs. Finney*, that where a deed is given by the vendor of an estate, who takes back a mortgage to secure the purchase money at the same time that he executes the deed, that there the deed and the mortgage are to be considered as parts of the same contract, as taking effect at the same instant, and as constituting but one act; in the same manner as a deed of defeasance forms, with the principal deed, to which it refers, but one contract, although it be by a distinct and separate instrument."

The deed and mortgage then, are to be considered as a single indivisible bargain or contract of sale, and as if they were written in one instrument, and executed at the same instant by both parties. By the mortgage a condition was annexed to the grant, and whatever passed by the grant passed subject to the condition. There was no moment of time when Baker owned or held the premises free from the condition, nor when he could voluntarily have conveyed them, except subject to the mortgage. Can a judgment creditor then, by virtue of his judgment, obtain a greater interest in the premises than the debtor himself had? I think it is well settled, that the lien of the judgment will in all cases be limited to the actual interest which the judgment debtor has in the estate. 1 *Atk. on Conv.*, 512; 1 *Paige*, 128; 4 *Paige*, 9. The rule is based on principles of justice and public policy, as well as common sense, and can work no hardship to the judgment creditor. So far as the contract between Paird and

Baker is concerned, there can be no question but that it was the intent to give Pairo the first lien on the premises; nor can it be claimed that he would have parted with the premises on any other condition. The judgment creditor having parted with nothing on the strength of this conveyance to Baker, it would be highly inequitable to permit the judgment to be satisfied out of what, in fact, was Pairo's property.

The deed from Pairo to Baker was dated some ten days previous to the mortgage from Baker to Pairo, and the Appellants claim that they are *bona fide* purchasers for a valuable consideration, and that they were justified in regarding the dates of the instruments, as the times of their delivery, respectively. The date of a deed or mortgage, is at most, only presumptive evidence of the time of delivery, and this presumption may always be rebutted by proof, as in the case at bar. Nor do the claimants under the judgment stand in as favorable position even, as would a party actually advancing money to Baker, on a purchase of the premises at private sale. "Judgment creditors are not in equity regarded as *bona fide* purchasers, and entitled to the consideration which equity gives them, when they become such without notice, for a valuable consideration actually paid; but they are looked upon simply as proceeding *in invitum*, to enforce their legal demands, and are not entitled to the same favor as a purchaser, whose right may be enforced through the conscience of the other party." 3 *Barb.*, 285. Such was the law in this state at the time of the sale under the judgment. *Greenleaf vs. Edes*, 2 *Min.*, 264. But as there never was a time when Baker could have made a voluntary conveyance of the premises free from the mortgage lien, it is impossible that any person by such means could claim to be a *bona fide* purchaser, so as to defeat the mortgage. A judgment creditor therefore, if the position of the Appellants be tenable, would occcupy a better status, than a purchaser of the premises under Baker, for a valuable consideration. And he would be permitted to acquire a larger interest in the premises than his debtor ever had, to the great injury of the equitable and real owners of the estate. The owners of the judgment, and the mortgage, were both creditors of Baker, but the judg-

ment being a general lien must yield to the specific lien of the mortgage. This would be so, had both liens attached at the same instant, but in accordance with the views above expressed, we hold the lien of the mortgage first attached, and should first be satisfied out of the premises.

The judgment below is affirmed.