DAVID BARKER, Appellant, *vs.* GEORGE W. KELDERHOUSE, Respondent.

APPEAL FROM THE DISTRICT COURT OF WINONA COUNTY.

A chattel mortgage was given to secure the purchase money of certain property, consisting of household furniture, and claimed to be exempt from execution. It was a condition of the purchase that the vendee should execute a chattel mortgage upon the property as security. The mortgagor was a married man and a householder at the time of the purchase, and his wife did not sign the mortgage. *Held,* That the mortgage was valid, and that *sub.* 10, *sec.* 100, *p.* 569, *Comp. Stats.,* does not apply to such lien.

## Points and Authorities for Appellant.

I.—Kelderhouse never had such an interest in the property in question as to bring it within the provisions of *subdivision 10 of sec. 100 of the Public Statutes, p.* 569. The mortgage did not create any lien upon it within the meaning of the statute, but only continued what Barker already had.

II.—To give the statute the effect claimed would be to make it a party to fraud. Such is not the spirit of the statute. *Grimes vs. Bryne*, 2 *Minn.*, 103; 3 *Minn.*, 121; 3 *Cow.*, 89; 15 *John.*, 21; 21 *Wend.*, 21.

III.—But this claim cannot be sustained for the further reason, that the property in question is specially excepted from the operation of the statute.

IV.—It is incumbent on the Respondent to show that this was all the property used by him for household purposes, and that he had not other property to the amount prescribed, to-wit, $250. 5 *Denio*, 119; 1 *Green. Ev.*, sec. 721, 78; *Davis vs. Prosser*, 32 *Barb.*, 290.

V.—Section 100 was repealed by act of August 12, 1858. *Pub. Stat.*, 569.

BERRY & WATERMAN, Counsel for Appellant.

LEWIS & SIMPSON, Counsel for Respondent.

*By the Court.*—ATWATER, J.—This was an action brought by the Appellant, Barker, to recover certain personal property of the Defendant, Kelderhouse. The complaint alleges that Plaintiff sold to Defendant all the household furniture in the Waverly House in Winona, on the 27th day of April, 1861. That on the same day Defendant executed a chattel mortgage to Plaintiff, on said property, to secure the payment of two promissory notes for $200 each. That default had been made in the payment of one of said notes; that Plaintiff had demanded possession of the property, which was refused, and claiming judgment for the delivery of the property and damages.

The answer admits the execution of the mortgage, but alleges that the Defendant at that time was a householder and married man, whose wife was then living with him; that the said property was by statute exempt from execution, and that the chattel mortgage, or paper purporting to be a chattel mortgage, was not executed by the wife of Defendant, and therefore gave the Plaintiff no title to the said property.

The answer also sets up that the notes were given as part

consideration of the purchase money of said property, and makes certain allegations, tending to show fraud on the part of the Plaintiff in the sale of the property. There was a reply denying the new matter set up in the answer.

A jury trial was waived and the cause submitted to the Hon. Thomas Wilson, District Judge, who found the following as matters of fact, viz. :

1st. That the Defendant, on the 29th day of April, A. D. 1861, executed and delivered to the Plaintiff the mortgage mentioned and described in the complaint in this action.

2d. That the property covered by said mortgage was household furniture, as stated in the complaint, and more particularly described in the schedule introduced by the Plaintiff at the trial of this cause, and marked schedule " B."

3d. That it was a part of the agreement on the purchase of said property by the Defendant of the Plaintiff, that the Defendant should execute said mortgage to the Plaintiff, to secure part of the purchase money of said property.

4th. That at the time of said purchase, said Defendant was a married man, and ever since the time of said purchase, Defendant with his family has resided in a house in the city of Winona, called the Waverly House, and ever since the aforesaid purchase of said property, he has kept said house as a hotel for the accommodation of travellers.

5th. That said property was purchased by Defendant of Plaintiff, to be used in said Waverly House, kept by Defendant as a hotel, and used as a residence and dwelling house for himself and family, as aforesaid.

6th. That the wife of said Defendant did not join with her husband in the execution of said mortgage.

7th. That said property was not, at the commencement of this action, worth over $250.

8th. That the Plaintiff was not guilty of fraud in the sale of said property to Defendant.

As a conclusion of law, the Court found that the said chattel mortgage of the aforementioned property, was and is void, not having been signed by the wife of the Defendant.

We think the learned Judge erred in his conclusions of law from the facts found. We think the principle recognized in

the case of *Banning et al.*, *vs. Edes*, 6 *Minn.*, 402, is applicable to the case at bar. In that case it was held that where a deed of land was given, and a mortgage delivered at the same time, upon the same premises, to secure the purchase money, a judgment against the mortgagor could not take precedence as a lien over the mortgage. The deed and mortgage are considered as parts of the same contract, and constituting one act, and in the eye of the law, there is no moment of time in the transfer when the lien of the judgment could gain preference of the mortgage. The same principle has been applied as against the dower right of the wife of a mortgagor, executing a mortgage to secure the purchase money. See cases cited in *Banning vs. Edes*, above quoted. These cases, it is true, are those of mortgages of real estate, but it is not perceived why the principle is not equally applicable to the case of a chattel mortgage given to secure the purchase money of the property mortgaged, where, as in this case, it appears that " it was a part of the agreement on the purchase of said property, that the Defendant should execute said mortgage to the Plaintiff to secure part of the purchase money of said property." The dower right of the wife has been, perhaps, regarded with as much favor, and as jealously guarded by the Courts, as any other for which the protection of law has been invoked ; and while this is held secondary to the mortgagee's lien for the purchase money, it is not perceived why the statutory right of exemption should be viewed with more favor. And, indeed, Courts have uniformly held, that statutes of this nature, in derogation of the common law, are not to be liberally, but strictly, construed. In this case, no equitable principle can be invoked by Respondent in behalf of the construction claimed by him, but justice and policy equally require that no intervening lien should defeat the mortgagee's right, unless expressly authorized by statute.

*Sub.* 10 *of sec.* 100, *p.* 560, *Comp. Stat.*, provides that " any chattel mortgage, bill of sale, or other lien created on any part of the property, except such as is mentioned in the ninth subdivision of this section, shall be void, unless such mortgage, bill of sale, or lien, be signed by the wife of the party making such mortgage, bill of sale, or lien." The property

here referred to, upon which such mortgage, &c., is declared void, is properly exempt from execution, and such property, it will scarcely be questioned, must be owned by, and be in the possession of, the debtor. The statute contemplates that the wife has such an interest in such property, that the husband shall not be permitted to create a lien upon it, without the consent of the wife, to be signified by her signing the instrument creating the lien. If the view above taken be correct, that the sale and giving of the mortgage constituted one act and contract, the wife had no such interest in the property as the statute was designed to protect. In giving a construction to the statute, we cannot ignore its object and intent. On the contrary, as remarked in *Grimes vs. Bryne,* 2 *Minn.,* 89, the attention of the legislature should always be followed wherever it can be discovered, although the construction seems contrary to the letter of the statute. · We can have no doubt of the object and intent of this statute; it is, as remarked in the case above cited, " to shield the unfortunate, and not to increase the facilities of the dishonest to avoid justice." And the particular provision here in question was to protect the wife and family of the debtor, against his improvidence or disregard of the obligation resting upon him, to provide a suitable maintenance for his family, and prevent him from voluntarily disposing of certain property, which was not allowed to be taken by process of law. To give it a broader construction than this, and hold that it was intended to render void an instrument creating a lien upon property which was not exempt at the time of creating such lien, and which was to secure the purchase money of the property itself, would be " to aid debtors in defeating the just demands of their creditors."

The judgment below is reversed, and judgment ordered for the Appellant.