Thrasher Co. v. Riggs.

THE NORTHWEST THRASHER COMPANY V. TIMOTHY RIGGS *et al.*

No. 14,966   (89 Pac. 921.)

SYLLABUS BY THE COURT.

PARTIES—*Action on a Negotiable Note—Bona Fide Indorsee of Payee under Disability.* The Minnesota Thrasher Manufacturing Company, without having complied with the provisions of section 1283 of the General Statutes of 1901, sold a thrashing-machine in this state and received two promissory notes in payment therefor. These notes were duly sold and indorsed by the payee, and became the property of the plaintiff. The payee also sold its entire assets and business to one R. H. Bronson, who conveyed them to the plaintiff, a foreign corporation which has fully complied with the law relating to such organizations. *Held,* that it has the right to maintain an action in the courts of this state to enforce payment of the notes, even though the payee could not do so.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed April 6, 1907. Reversed.

STATEMENT.

ON and prior to the 21st of January, 1900, the Minnesota Thrasher Manufacturing Company was a corporation located and doing business at Stillwater, Minn. On the date aforesaid it sold a thrashing-machine to the defendants in error at Hunnewell, Kan., and received two promissory notes therefor. Afterward the payee sold and transferred its entire assets and business to one R. H. Bronson, who sold and conveyed the entire property so purchased to the plaintiff in error, a corporation since located and doing business at the place formerly occupied by the Minnesota Thrasher Manufacturing Company. The notes above mentioned were sold and indorsed by the payee to one A. T. Jenks, and were by him duly indorsed to the plaintiff in error. The notes and indorsements are in ordinary form; the date of the transfer of the notes is not shown. On January 6, 1905, plaintiff in error commenced an ac-

tion against defendants in error to recover on these notes, and on May 3, 1905, defendants filed a motion to dismiss the action, the principal ground of which reads:

"That said Minnesota Thrasher Manufacturing Company, to whom the notes sued on in this action were originally given, was at that time and is now a foreign corporation doing business in this state, and has continuously since said notes were given, on June 21, 1900, continued to transact business in this state; that said Minnesota Thrasher Manufacturing Company has never at any time or place complied with the provisions of section 12 of chapter 10 of the Laws of Kansas for 1898, or with the amended provisions of section 3 of chapter 125 of the Laws of Kansas for 1901; that it has never applied for or obtained from the charter board of the state of Kansas any authority to do business in the state of Kansas at any time, and especially for the year 1900, or the month of June, 1900; that neither the president, secretary nor managing officer of said company has ever at any time or place delivered to the secretary of state of Kansas a statement of the condition of such corporation on the 30th day of June next preceding, as required by the provisions of the laws of Kansas above mentioned; that no certificate has ever been or was ever issued by the secretary of state of Kansas showing that such statements had or have been filed for the years 1899, 1900 or 1901, and that it has now no authority to do business in the state of Kansas; that said notes and each of them were procured to be made to said company, by said company or its agents, in violation of the provisions of said acts above mentioned, and are absolutely void and unenforceable in any of the courts of this state."

On May 22 this motion was submitted to the court upon testimony. The defendants, in support of their motion, presented a certificate of the secretary of state showing that the payee of the notes, the Minnesota Thrasher Manufacturing Company, had never been authorized to do business within the state of Kansas, and had never complied with the laws relating to

foreign corporations. They also presented a certified copy of the charter of the plaintiff, showing that it was duly incorporated in the state of West Virginia, for the purpose of purchasing the entire assets formerly belonging to the Minnesota Thrasher Manufacturing Company, then belonging to R. H. Bronson, and to engage in the business of manufacturing thrashing-machines and other farm implements.

Plaintiff presented a certificate from the secretary of state showing that it had been duly authorized to do business within the state of Kansas and had fully complied with the laws relating to foreign corporations. Upon this evidence the court allowed the motion to dismiss, and entered judgment against the plaintiff for costs. The plaintiff brings the case here for review.

*Dedrick & Dedrick,* and *C. E. Elliott,* for plaintiff in error.

*James Lawrence,* and *Levi Ferguson,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This action was dismissed because it was commenced in violation of section 1283 of the General Statutes of 1901, which prescribes certain duties to be performed by foreign corporations before they will be permitted to do business in the state. The statute contains a provision imposing a penalty for non-compliance with its requirements, which reads:

"No action shall be maintained or recovery had in any of the courts of this state by any corporation doing business in this state without first obtaining the certificate of the secretary of state that statements provided for in this section have been properly made." (Gen. Stat. 1901, § 1283.)

The Minnesota Thrasher Manufacturing Company, the payee of the notes mentioned in the petition, never

complied with this law, and for that reason could not maintain this action to enforce payment of the notes. Therefore it is urged that no other holder· can prosecute such an action. We cannot consent to this proposition. The notes, even if taken in violation of this statute, which does not clearly appear, are not void. They constitute a valid contract between the parties, and may be enforced in any proper tribunal. (*The State v. Book Co.*, 69 Kan. 1, 76 Pac. 411, 1 L. R. A., n. s., 1041; *Hamilton v. Reeves & Co.*, 69 Kan. 844, 76 Pac. 418.) The payee is not a party to this action—it parted with all of its rights to the notes at Stillwater, Minn., to a purchaser in good· faith, and for full value.

It is not suggested by the testimony that the transfer of the notes was colorable only, and made for the purpose of evading the law. On the contrary, the transfer appears to have. been made *bona fide,* and as an incident to the sale of the entire assets and business of the Minnesota Thrasher Manufacturing Company. The plaintiff, being the owner of the notes, and having fully complied with the law, thereby acquiring the right to conduct its business in this state, should not be deprived of the right to maintain actions in the courts of this state.

The judgment is reversed, with directions to proceed in accordance with the views herein expressed.