WILLIAM E. BOGGS V. THE O. S. KELLY MANUFACTURING COMPANY.

No. 14,929.   (90 Pac. 765.)

SYLLABUS BY THE COURT.

1. FOREIGN CORPORATIONS — *Parties.* A foreign corporation which at one time did business in this state, and has never complied with the requirements imposed by the statute in such cases (Gen. Stat. 1901, § 1283), may, after it has ceased to do such business, maintain an action upon a note taken by it while it was so engaged.

2. CHATTEL MORTGAGES—*Exempt Personalty—Purchase-price—Signature of Wife.* The statutory requirement that a mortgage of exempt personal property must be executed jointly by the husband and wife when that relation exists (Gen. Stat. 1901, § 4255) has no application to a mortgage given for a part of the purchase-price of the mortgaged property at the time of its sale by the mortgagee to the mortgagor.

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed June 8, 1907. Affirmed.

*Ritchie & Abel*, for plaintiff in error.

*Z. C. Millikin*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: The O. S. Kelly Manufacturing Company, a foreign corporation, brought a replevin action against William E. Boggs to recover the possession of personal property upon which it held a chattel mortgage given to it by Boggs securing a note between the same parties. The plaintiff recovered, and the defendant prosecutes error.

At the time the note and mortgage were executed the plaintiff was engaged in transactions of a character that may be assumed to have brought it within the requirements of the statute with respect to foreign corporations doing business in this state. (Gen. Stat. 1901, § 1283.) It has never complied with any of such requirements. Before the action was brought it ceased to do any business in Kansas, except that it continued to attempt to collect notes and accounts which it already held. The property covered by the mortgage was exempt from seizure upon execution, or may be so considered. At the time the instrument was executed Boggs was a married man, and his wife did not sign it. It was given, however, for a part of the purchase-price of the property at the time of its sale by the company to Boggs. The questions to be decided are: (1) Could the plaintiff under these circumstances maintain an action to enforce the note and mortgage? And (2) did the fact that the mortgage was for purchase-money dispense with the necessity which otherwise existed for the wife's signature?

A contract made by a foreign corporation while it is engaged in business in this state is not tainted and rendered unenforceable by the fact that the statute has not been complied with. (*The State v. Book Co.*, 69 Kan. 1, 76 Pac. 711, 1 L. R. A., n. s., 167.) When a foreign corporation is precluded from bringing an action by reason of its non-compliance with the law it is because of the personal disability with which it is burdened at the time. If it assigns the claim its in-

Boggs v. Kelly.

capacity will not prevent the assignee from suing. (*Thrasher Co. v. Riggs,* 75 Kan. 518, 89 Pac. 921.) If it complies with the law its competency as a plaintiff is restored, even if such step is taken after an action has been begun. (*Hamilton v. Reeves & Co.,* 69 Kan. 844, 76 Pac. 418.) When it ceases to do business in the state it is no longer under the bar of the statute. Its violation of the law having ceased, it has the same rights as a litigant as any other foreign corporation which is not attempting to carry on its business in Kansas. Its former disregard of the statute is not made a ground for denying it access to the courts. The plaintiff therefore could maintain the action.

The statute (Gen. Stat. 1901, § 4255) requiring a chattel mortgage of exempt property to be signed by both husband and wife, where that relation exists, has no application to a mortgage executed for a part of the purchase-price at the time of the sale of the property by the mortgagee to the mortgagor. As a matter of theory it may be conceived that the whole title first passes to the mortgagor, and that out of that title he then carves a lien for the benefit of the mortgagee. But in fact there is no instant of time in which he is the absolute owner, in which any right of the wife can attach, or in which the property can be affected with the quality of exemption as against the vendor—in effect, he takes it charged with the lien; the transaction is substantially the same as though the mortgagee in terms conveyed subject to a lien, or reserved the title as security for the payment of the purchase-money. The principle is the same as that by which purchase-money real-estate mortgages are given precedence over existing liens, which is thus stated in volume 23 of the American and English Encyclopædia of Law, at page 470:

"The priority of the purchase-money mortgage to other liens created before the execution of the mortgage rests upon the doctrine that the deed from the vendor and the mortgage by the vendee are parts of

one single and entire transaction. Because the seizin of the vendee is thus instantaneous, the title to the land does not for a single moment rest in him, but merely passes through him and vests in the mortgagee without stopping beneficially in the purchaser, and during such instantaneous passage the prior lien cannot attach to the title."

The principle is applied to transactions like the present in *Barker v. Kelderhouse,* 8 Minn. 207, *Paterson v. Higgins,* 58 Ill. App. 268, and cases cited in volume 6 of the Cyclopedia of Law and Procedure, at page 999, note 69.

The judgment is affirmed.