THE DOSBAUGH NATIONAL BANK, *Appellee,* v. PEARL JELF *et al.* (PEARL JELF, *Appellant*).

No. 17,265.

#### SYLLABUS BY THE COURT.

SALE—*Conditions—Mortgage—Exemptions.*   Under the facts stated in the opinion it is held that the sale of a span of mules was a sale for cash, that delivery of the mules was conditioned upon payment of a check upon a bank given for the price, and that an oral chattel mortgage given by the purchaser to the bank which furnished the money to meet the check was valid, and as a purchase-money mortgage was superior to exemption rights claimed by the widow of the mortgagor.

Appeal from Chautauqua district court.   Opinion filed December 9, 1911.   Affirmed.

*W. H. Sproul,* and *J. A. Ferrell,* for the appellant.
*A. M. Jackson,* and *A. L. Noble,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one of replevin for a span of mules.   The plaintiff claimed under an oral chattel mortgage given by W. T. Jelf to secure the payment of money advanced by the bank to enable Jelf to purchase the mules.   The defendant, the widow of Jelf, claimed under the statute setting off the property to her as exempt, upon his decease.   Judg–

ment was rendered for the plaintiff, and the defendant appeals.

The transaction between Jelf and Hamil, the seller of the mules, is related by Hamil as follows:

"He came up there to buy a span of mules from me and we talked on the price and finally agreed, and he said if he could have until the 1st of March he would take them, and I told him I was selling him the mules worth the money, and I wanted the money, and he said he did not have the money and would have to make arrangements for it, and he came back in a day or two and said that he could get the money down at Dosbaugh's, but that he had not made any arrangements, but that he would give me a check, if I would keep it for a day or two, and make arrangements, and I told him it would be all right, and when he went to give me a check he said that he did not have any check book, but that he would leave it at the house for me and when I went down there he had assigned over one check for $3.50, and that was on Grenola, and one for $324 on the Dosbaugh bank."

The first conversation with Hamil occurred about April 1. Jelf took the mules away with him at the conclusion of the second conversation.

The conversation between Jelf and the bank is related by its cashier as follows:

"Mr. Jelf said that he had bought a team of mules and wanted to borrow the money to pay for them. He said that he would give us a mortgage on the mules to secure the money. That about March 1st, he would have some money coming to him from his farm, which he was selling, and that he could pay the note then. I told him that we would not want to go to the trouble of writing and recording a chattel mortgage for so short a time. That we were willing to loan him the money and would let him give us his note for the amount until March 1st, until which time we would consider the mules ours, consider the mules ours until paid for. He said 'All right, and if you want a chattel mortgage on them at any time I will give it.' Whereupon I drew up a note for $325, which he signed and which we discounted, taking out the interest from February 6th until March 1st, and passed the proceeds to his credit."

Bank v. Jelf.

Jelf's check was presented and paid a few days after his note was given.

The sale by Hamil was a sale for cash and not a sale on time. The delivery of the mules was clearly conditioned upon the payment of the price by means of the check, and if the check had not been paid Hamil could have reclaimed possession of the property. (*Bank v. Brown,* 80 Kan. 520, 103 Pac. 102, and authorities reviewed in the opinion.)

Jelf had no money to pay the price, except the Grenola check of $3.50, until he borrowed it of the plaintiff, and at the time he borrowed it he gave the oral mortgage on the mules to secure repayment. The mortgage was therefore a purchase-money mortgage, by means of which Jelf obtained title. That the mortgage ran to a third person does not change its character as a purchase-money mortgage. The consent of the defendant was not essential to its validity, and there being no instant of time when her husband was the unqualified owner of the property, no exemption rights attached. (*Beach v. Fireovid,* 84 Kan. 357, 360, 114 Pac. 206; *Boggs v. Kelly,* 76 Kan. 9, 11, 90 Pac. 765.) Although oral, the mortgage was valid between the parties (*Bank v. Taylor,* 69 Kan. 28, 76 Pac. 425, and cases cited in the opinion), and the recording act (Gen. Stat. 1868, ch. 68, § 9, Gen. Stat. 1909, § 5224) has no application, because the defendant is neither a purchaser nor a creditor. The defendant took title subject to the rights of the plaintiff.

The judgment of the district court is affirmed.