No. 21,028.

THE HOPE VACUUM CLEANER COMPANY, *Appellant*, v. THE COMMERCIAL NATIONAL BANK OF INDEPENDENCE, *Appellee*.

SYLLABUS BY THE COURT.

1. CHECK—*Forged Indorsement by Agent—Liability of Bank.* The plaintiff's agent having in his possession a check payable to the order of the plaintiff, indorsed the plaintiff's name on the back of the check without authority, presented the check to the defendant bank, and was given credit for it on his account. The defendant collected the check of the bank on which it was drawn. The agent subsequently exhausted his deposit with the defendant and did not account to the plaintiff for the check. *Held*, the defendant is liable to the plaintiff for the proceeds of the check.

2. SAME—*Evidence—Good against Demurrer.* The evidence, including the facts stated, examined, and held to be sufficient in other respects to warrant recovery by the plaintiff.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed November 10, 1917. Reversed.

*W. N. Banks, John Bertenshaw,* both of Independence, *Edgar C. Ellis, Hale H. Cook,* and *Raymond G. Barnett,* all of Kansas City, Mo., for the appellant.

*T. H. Stanford,* of Independence, and *G. T. Stanford,* of New York, N. Y., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the proceeds of a check collected by the defendant, drawn to plaintiff's order and indorsed to the defendant by an agent of the plaintiff who had no authority to make the indorsement. A demurrer was sustained to the plaintiff's evidence and it appeals.

The plaintiff is a corporation of the state of Missouri, and previous to the transaction out of which the litigation arose was engaged in manufacturing and selling vacuum cleaners. Matt Berryhill was employed to sell and install the plaintiff's product. He sold a vacuum cleaner to Mark D. Mitchell and installed the machine in Mitchell's building. The contract of sale was made in the name of the plaintiff, and Mitchell drew his check on the Citizens National Bank of Independence, pay-

able to the order of the plaintiff, for the contract price of the ·machine. Berryhill indorsed the plaintiff's name on the check, without authority, and took credit for it in the defendant bank. The defendant collected the check and subsequently paid the proceeds to Berryhill on his checks.

The principal defense to the action was that, conceding the facts stated to be true, the defendant rested under no liability to the plaintiff. The weight of authority is to the contrary. (15 L. R. A., n. s., 519, note.) The check was the property of the plaintiff. If the check had reached the plaintiff it would have brought to the plaintiff's treasury, in due course of business, the sum of $399. By means of the forged indorsement the defendant was enabled to intercept the check, collect it, and so divert to its own use funds to which the plaintiff was entitled.

The plaintiff endeavors to justify the action of the district court in sustaining the demurrer on other grounds. It is said that Berryhill and the plaintiff were partners. The evidence was that the price of machines to purchasers was $300 plus cost of installation, in this instance $399. Machines were expected to net the plaintiff $250, that is, the agent was to receive a commission of $50 on each machine sold, but the difference between $300 and $250 did not belong to the agent. The full price of all machines, including cost of installation, was to be remitted to the plaintiff. The result is, the relation of the plaintiff to Berryhill was that of principal to agent.

It is said that Berryhill was held out as the plaintiff's agent, and that authority to indorse the plaintiff's name on the check should be implied. The evidence was that Berryhill installed a vacuum cleaner in the home of C. E. Roth—made the contract, did the work, and collected the price—and the defendant knew these facts. The evidence further disclosed, however, that Berryhill had made a contract in his own name to sell Roth a vacuum cleaner not manufactured by the plaintiff. The plaintiff had a machine which had been used for purposes of demonstration. The plaintiff sold this machine at a discount to Berryhill, who used it to fill his contract with Roth. Consequently Berryhill did not act for the plaintiff in any capacity in the Roth transaction. Besides this, even if Berryhill possessed authority to sell machines, install them, and take checks

for the price, authority to indorse Mitchell's check could not be implied. The agency was exhausted when Mitchell's check was received. (2 C. J. 636, 637.)

It is said the plaintiff was without capacity to maintain the suit because it is a foreign corporation, doing business in this state without complying with certain statutory requirements. The action was commenced in March, 1915. When the statute relating to the duties and privileges of foreign corporations (Gen. Stat. 1909, § 1726) was revised in 1913, the particular provision on which the contention stated rests was omitted (Laws 1913, ch. 135). Besides this, the evidence was that the plaintiff became insolvent and ceased doing business of any kind in the year 1913. Consequently if the provision were still in force it would not apply. (*Boggs v. Kelly,* 76 Kan. 9, 90 Pac. 765.)

A question is raised concerning the amount of recovery, should the plaintiff ultimately prevail. Apparently the agent paid the expenses incident to installation of the Mitchell machine, and it is said the plaintiff should not recover more than $300 of the $399 collected by the defendant. Under the evidence the entire contract price belonged to the plaintiff, and the agent merely has a claim against the plaintiff for his advancements.

Whenever evidence is referred to in this opinion, the evidence most favorable to the plaintiff is intended.

The judgment of the district court is reversed, and the cause is remanded for trial.