No. 30,641.

THE CHERRYVALE INVESTMENT COMPANY, *Appellant*, v. W. L. DILLMAN, *Appellee*.

· (11 P. 2d 681.)

Opinion filed June 4, 1932.

*Sullivan Lomax,* of Cherryvale, for the appellant.
*C. W. Mitchell,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin of an automobile. The trial court sustained a demurrer to plaintiff's petition, and it has appealed.

The petition alleged that plaintiff is a corporation; that defendant was indebted to it on a promissory note in the sum of $1,196, due February 24, 1931; that on March 28 of that year, through its president and secretary, plaintiff demanded payment of the note; that defendant said he was unable to pay the full amount of the note at once; that if plaintiff would extend the date of maturity of the note for one year he would pay it out in payments of $50 per month and more, and that he would pay ten per cent additional interest to accumulate on the note until it was fully paid, and that he would give his automobile as security for the payment of the note and interest; that he would let the automobile stand as security, and that he was willing to, and would, sign a chattel mortgage accordingly, if plaintiff so desired; that plaintiff's president and secretary told him they did not have authority to accept his proposition, but would report it to the directors of plaintiff at their next meeting

and let him know; that on April 13 plaintiff's president and secretary reported defendant's proposition to its directors; that the proposition was accepted by plaintiff, and their secretary was directed to notify defendant thereof; that on the following day the secretary told defendant of the action of the directors. Defendant then paid $50 on the note and told the secretary that it was all right and as soon as he could get time he would come to the office of the secretary and sign the chattel mortgage, which the secretary told him was satisfactory. That on April 27 plaintiff's president requested defendant to go to plaintiff's office and execute to plaintiff a written chattel mortgage covering the automobile, according to the offer and acceptance; that defendant then repudiated the agreement, said he would not allow the automobile to stand as security for further payments on the note, and would not deliver the automobile to plaintiff. The prayer was that plaintiff have judgment for the delivery to it of the automobile, or, in the alternative, for the reasonable value thereof, alleged to be $500.

On filing the petition plaintiff filed a replevin affidavit and bond, the sheriff took possession of the automobile, but returned it to defendant on a redelivery bond.

Appellant contends that the agreement alleged in its petition constitutes a valid oral chattel mortgage given by defendant to plaintiff on the automobile. It cites 11 C. J. 453, stating the general rule that an agreement entered into by the parties for the purpose of pledging property as security for a debt which is essential and insufficient as a common-law mortgage, "will nevertheless be enforced in equity as an equitable mortgage." The difficulty with applying that rule here is that plaintiff is not proceeding equitably to have the automobile stand as security for the debt, but is seeking in an action at law for the immediate possession of the automobile.

Appellant cites *Bates v. Wiggin*, 37 Kan. 44, 14 Pac. 442, and allied cases (*Weil v. Ryus*, 39 Kan. 564, 18 Pac. 524; *Bank v. Taylor*, 69 Kan. 28, 76 Pac. 425; *Bank v. Jelf*, 86 Kan. 41, 119 Pac. 538) in support of its contention that it had an oral chattel mortgage on the automobile which authorized the replevin action. In the Bates case one Clark desired to borrow money at the bank with which to buy feed for live stock and asked Bates to sign his note as surety, and agreed with Bates that the title to the feed purchased should be in Bates until the notes were paid to the bank. (Because of some conflicting evidence it was difficult for the court

to tell whether there was a conditional sale or chattel mortgage, but so far as the rights of the parties were concerned, that was held to be immaterial.) Bates signed the notes. Clark purchased the feed. The notes became due and were not paid. Bates brought replevin for the feed. The court held the action could be maintained, even though the transaction be regarded as an oral mortgage as distinct from a sale by which the title to the feed remained in Bates. In that case Bates had performed the things he had agreed to do. That is true in all the other cases cited in which the court held an oral chattel mortgage could be enforced. That is not true here. Plaintiff did not extend defendant's note for a year and make it payable in monthly installments, but on the other hand held the past-due note on which suit might be brought at any time. An oral chattel mortgage must contain the elements necessary to constitute a valid written mortgage. (11 C. J. 455; *Bank v. Evans*, 9 Kan. App. 80, and cases, *supra*.) The allegations of the petition disclosed that the parties had an agreement by which each was to do certain things neither party had performed. Perhaps that agreement was one which either of the parties could have enforced in equity, but we need not decide that question, for it is not before us.

Under the allegations of the petition there is another barrier to plaintiff's action for replevin. No default is alleged in defendant's payments on the new arrangement. One payment of $50 had been made. This action was filed on the thirtieth day after that payment was made. There is no allegation that another payment was due and had not been made. In fact, the agreement does not disclose the time of the month these payments were to be made. The only complaint plaintiff makes is that the defendant refused to come to its office and execute the mortgage. It is not alleged that the agreement between the parties was such as to entitle plaintiff to possession of the automobile on the refusal to execute a written mortgage. An action to foreclose a chattel mortgage must be predicated upon the breach of some condition named in the mortgage. (11 C. J. 695.) If the action is in replevin the petition must show plaintiff's right to possession when the action is brought. (54 C. J. 506.) In short, the petition does not allege facts which disclose that plaintiff was entitled to the possession of the automobile at the time the action was brought. The result is that it failed to state a cause of action in replevin.

The judgment of the court below is affirmed.