## PACIFIC MUT. LIFE INS. CO. v. FISHER et al.[*]

### No. 19,441; March 9, 1895.

39 Pac. 761.

**Appeal—Service of Notice.—An Appeal by Lien Claimants,** who have obtained a personal judgment against the mortgagor's grantee, from an adjudication that their liens are invalid as against the lien of a prior mortgage, will be dismissed, where the notice of appeal has not been served on the mortgagor and his grantee.

---

[*]For subsequent opinion in bank, see 109 Cal. 566, 42 Pac. 154.

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

An action to foreclose a mortgage, brought by the Pacific Mutual Life Insurance Company against John C. Fisher, the mortgagor, his grantee, and others, claiming laborers' and materialmen's liens on the mortgaged premises. From a judgment adjudging invalid the liens of certain claimants, who obtained a personal judgment against the mortgagor's grantee, such claimants appeal. Appeals dismissed.

Trippet, Boone & Neale, Parrish, Mossholder & Davis, Works & Works, Shaw & Holland and Wellborn, Stevens & Wellborn for appellants; Fox & Kellogg for respondent.

PER CURIAM.—The judgment herein is the same as that presented in case No. 19,361, this day decided: 106 Cal. 224, 39 Pac. 758. The appeal herein is taken by certain defendants who obtained a personal judgment against the San Diego Opera-House Company, but whose liens were adjudged to be invalid. The notices of appeal herein on behalf of the appellants Thomas Day & Co., Limited, C. W. Pauly, H. P. Gregory & Co. and Clark & Co. were not served upon the defendant Fisher or the Opera-House Company, and the plaintiff has moved that for that reason the said appeals be dismissed. We held in the other appeal that these defendants were necessary parties to any modification of the judgment which would increase their liability, and, under the principles of that case, the appeals of the above-named appellants must be dismissed. A determination upon this appeal that either of these appellants is entitled to a lien upon the property described in the complaint would affect, not only the rights of those whose liens have been determined, but also the rights of the defendant Fisher. The judgment makes him personally liable for any deficiency there may be after applying the proceeds of the sale of the property to the liens specified therein, and, if the amount of these liens should be increased, his personal liability will be increased to the same extent. Moreover, a reversal of the entire judgment would deprive the Opera-House Company of the determination already had of the extent of its liability, and compel it again to contest matters already decided in its favor. The appeals of the above-named appellants are dismissed.