[No. 15941.    Department One.—August 21, 1895.]

## C. A. WARREN ET AL., RESPONDENTS, v. ANN FERGUSON, APPELLANT.

STREET ASSESSMENT—JUDGMENT—LIEN—APPEAL—SERVICE OF NOTICE. When, in an action to enforce a street assessment, judgment has been rendered against several defendants, if the effect of an appeal from the judgment is to establish that there was, in fact, no lien upon which the judgment could be rendered, a reversal of the judgment will not injuriously affect the other defendants, and, therefore, an appeal will not be dismissed for a failure to serve them with the notice of appeal.

STREET ASSESSMENT—INVALID CERTIFICATE OF CITY ENGINEER—SIGNATURE BY CLERK—EVIDENCE—INSUFFICIENT BASIS FOR LIEN.—In an action to foreclose a street assessment a certificate purporting to be a certificate of the city engineer, which was not signed by him in person, nor in his name by a deputy appointed by him, but by a mere clerk in his office, is not admissible in evidence, and is invalid and insufficient as the basis of a lien.

Appeal from a judgment of the Superior Court of the City and County of San Francisco. J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

*T. Z. Blakeman*, and *Benjamin Healey*, for Appellant.

*J. C. Bates*, for Respondents.

The Court.—Action upon a street assessment.

The respondents have moved to dismiss the appeal upon the ground that a codefendant with the appellant was not served with the notice of appeal. It was held in *Pacific Mut. Life Ins. Co. v. Fisher*, 106 Cal. 224, that when, in an action to enforce a lien upon a piece of real estate, judgment has been rendered against several defendants, if the effect of an appeal from that judgment is to establish that there was, in fact, no lien upon which the judgment could be rendered, a reversal of the judgment will not injuriously affect the other defendants, and, therefore, that the appeal will not be dismissed for a failure to serve them with the notice of appeal.

The engineer's certificate, which the plaintiff offered in evidence in connection with the warrant, assessment, and diagram, was signed "Wm. M. Fitzhugh, city engineer, Holcomb"; and the defendant objected to its introduction upon the ground that it did not purport to be signed by the city engineer, but by one " Holcomb." The plaintiff thereupon introduced evidence substantially the same as that presented in *Rauer v. Lowe*, 107 Cal. 229, from which it appeared that the certificate had never been signed by the city engineer or by any deputy of his, but that his name had been signed by Holcomb, who was merely an assistant in his office by virtue of a verbal employment. The defendant thereupon renewed his objections, but the court overruled them, and allowed the certificate to be read, and rendered judgment in favor of the plaintiff.

Under the principles given in *Rauer* v. *Lowe, supra,* this was error.

The rule in respect to the acts of an officer *de facto* suggested by the respondent has no application. The statute has declared that certain documents, one of which is the certificate of the engineer, shall be " prima facie evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of the plaintiff to recover in the action." (Stats. 1889, p. 168.) But for this provision of the statute it would have been incumbent upon the plaintiff to establish every act of the municipality and its officers which is required in order to create the lien of the assessment. If, instead of so doing, the plaintiff would avail himself of the statutory privilege to establish his right of recovery by the prima facie evidence, he must offer competent evidence of every portion of the substituted proofs. In the present case it was essential that the plaintiff should produce a certificate of the city engineer as a part of the evidence which the statute has made a portion of the prima facie evidence necessary to establish his right of action. Upon his failure to do so, the court should have disregarded the evidence offered, and rendered judgment for the defendant.

The judgment is reversed.