W. B. BEACH, *Appellant,* v. SOLOMON FIREOVID, *Appellee.*

No. 16,935.

### SYLLABUS BY THE COURT.

HUSBAND AND WIFE—*Sale of Exempt Personal Property—Joint Consent.* Section 5235 of the General Statutes of 1909, which provides that it shall be unlawful for either husband or wife (when that relation exists) to create any lien, by chattel mortgage or otherwise, upon personal property of either which is exempt from execution, without the joint consent of both, does not prevent the owner of such property from turning it over in good faith to a creditor in payment of a debt, without the joint consent of his wife. Such a transaction is in legal effect an absolute sale, and not a mortgage.

Appeal from Cloud district court. Opinion filed March 11, 1911. Affirmed.

*W. S. Cannon, M. V. B. Van De Mark,* and *C. W. Van De Mark,* for the appellant.

*S. H. Hamilton,* and *P. M. Harmon,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action was for conversion of personal property, mortgaged by the plaintiff, Beach, to the defendant, Fireovid. The defendant took possession of the property under the mortgage without the consent of the plaintiff, who demanded its return, claiming that the mortgage was void because it was not signed by his wife, the property being exempt from seizure upon execution. The defendant pleaded the mortgage and the note which it secured, and prayed for judgment upon the note, after crediting the value of the property taken.

The court found that the property mortgaged was exempt from execution, and held that the mortgage, which had not been signed by the wife of the mortgagor, was void, as claimed. The court also found that the defendant, in the absence of the plaintiff and without his consent, had taken possession of the mortgaged property, claiming the right to do so under the mortgage, the debt being past due, but found further that the plaintiff afterward told the defendant to take the property and that it was all he would ever get. This was held to be a consent that the defendant should keep the property and apply its value on the debt. This was done, and upon the trial the court credited the value of the property upon the note, less the amount of certain liens paid by the defendant, and rendered judgment against the plaintiff for a balance of $76.46 remaining due upon the note.

The statute provides:

"It shall be unlawful for either husband or wife

(where that relation exists) to create any lien, by chattel mortgage or otherwise, upon any personal property owned by either or both of them, and now exempt by law to resident heads of families from seizure and sale upon any attachment, execution or other process issued from any court in this state, without the joint consent of both husband and wife." (Laws 1901, ch. 103, § 1, Gen. Stat. 1909, § 5235.)

It is contended that this exemption can not be waived by the husband alone, so as to make such attempted lien effectual after the maturity of the debt, the instrument being void. On the other hand, the defendant's contention is that the property was simply turned over upon the indebtedness, and that there is nothing in the statute to prevent the owner of such property from using it to pay a debt.

We find nothing in the statute to prevent the owner of exempt personal property from using it to pay his debts. He may sell it and apply the proceeds to that purpose or he may reach the same end by transferring it directly to his creditor. If the creditor is found in the wrongful possession of such property, the debtor may still have it applied upon the debt by mutual agreement, made in good faith. The wrongful possession can not abridge the right of the owner thus to pay his debt, nor prevent the creditor from accepting it, with the consent of the owner. The mortgage was void when made, and could not be made valid by any act of the husband afterward without the wife's consent. It may therefore be eliminated from consideration, and there is left the debt, the wrongful possession of the property by the defendant, the agreement that it should be applied upon the indebtedness, and the application made accordingly. When so viewed, the transaction is not obnoxious to the statute. Nothing is found in the title or body of the act restricting the absolute sale of exempt property by the owner.

It was held in Michigan, in construing a similar

statute, that it only referred to such conveyances or conditional sales as are intended as security or which give a lien for that purpose, and not to absolute sales. (*Holman v. Gillette*, 24 Mich. 414. See, also, *Kroenert v. Mead*, 59 Kan. 665.)

The plaintiff did not give the defendant a lien upon the property, in the conversation referred to above, but turned it over to him in payment. This was, in effect, not a mortgage, but a sale.

The foregoing is written upon the theory adopted by the trial court and conceded by both parties—that the mortgage was invalid as to all the property, but this is doubtful. The article of the largest value included in the mortgage was an automobile. This was held to be exempt because the plaintiff was a physician, and the automobile was used in carrying on his business. The money secured by the mortgage was borrowed for the purpose of paying for the automobile, and was so used. If the mortgage should be treated as security for the purchase money, the rights of the wife did not attach to that article, and her signature to the mortgage was not necessary. (*Boggs v. Kelly*, 76 Kan. 9.) This principle has been applied to mortgages given to third persons who furnish the money to purchase the property, where it was so furnished and applied as a part of the same transaction. (1 Jones, Mort., 6th ed., § 472; 6 Cyc. 999, note 69; *Strickland v. Minnesota Type-Foundry Co.*, 77 Minn. 210.) But as the correctness of the conclusion that the mortgage was void as to all the property was not challenged, this question is not decided.

The judgment is affirmed.