(February 7, 1919.)

## L. A. HOLT, Respondent, v. EVA B. EMPEY, Intervenor-Appellant.

[178 Pac. 703.]

APPEAL—SERVICE OF NOTICE—ADVERSE PARTY—COMMUNITY PROPERTY—LIABILITY FOR SEPARATE DEBT OF HUSBAND.

1. Where real estate is attached for the separate debt of the husband, and the wife is permitted to intervene on the claim that the property attached is community property and therefore not subject to attachment for such a debt, on appeal by the wife from a judgment finding that the property is, to the value of $5,000, the separate property of her husband, and ordering so much thereof sold as may be necessary to satisfy the default judgment taken against the husband, the husband is not an adverse party on whom notice of appeal must be served under Comp. Laws,* sec. 4808.

2. Community property is liable to attachment and execution for the separate debts and obligations of the husband.

3. Rev. Codes, sec. 2686, as amended Sess. Laws 1913, chap. 105, p. 425, prohibiting the transfer, sale or encumbrance of community property without the wife's signature, does not free the community property from liability for the husband's separate debts.

[As to rights of husband's creditors, see note in 90 Am. St. 514.]

---

*REPORTER'S NOTE.—Compiled Laws, a new codification of Idaho statute law, was formally enacted by the legislature on January 25, 1919; hereinafter cited as C. L.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action for money due on contract. Complaint filed by intervenor to quiet title to real estate attached. Judgment for plaintiff. Intervenor appeals. *Judgment affirmed.*

F. L. Moore, for Intervenor-Appellant.

The land mentioned in the judgment was community property and cannot be sold for the separate debt of F. E. Empey under the laws of Idaho. (*Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398; *Doyle v. Langdon*, 80 Wash. 175, 141 Pac. 352; *In re Buchanan's Estate*, 89 Wash. 172, 154 Pac. 129; McKay on Community Property, p. 262; Ballinger on Community Property, sec. 17.)

The community property of either spouse cannot be sold on execution to satisfy a judgment against the other spouse, neither can the interest of either spouse in the community be sold to satisfy a separate judgment. (*Spinning v. Allen*, 10 Wash. 570, 39 Pac. 151; *Stockand v. Bartlett*, 4 Wash. 730, 31 Pac. 24; *La Salle v. Woolery*, 14 Wash. 70, 53 Am. St. 855, 44 Pac. 115; 21 Cyc. 1676; 5 R. C. L. 828.)

The laws of the state of Idaho as to the disposition of community real estate being nearly identical with those of Washington, should be construed in accordance with the decisions and laws of the state of Washington, to the effect that the community property of either spouse cannot be sold to satisfy a separate debt of a husband or wife. "You cannot do indirectly what you cannot do directly." (*Hall v. Johns*, 17 Ida. 224, 105 Pac. 71.)

G. W. Suppiger and Scott Ogden, for Respondent.

We do not claim that according to the laws of Washington the interest of the spouses in the community realty can be sold separately in Washington, to pay his individual debt. We concede it cannot in Washington. But what property in Idaho can be reached to pay the separate debt of a nonresident community is for the state of Idaho to decide. (*Heintz*

*v. Brown,* 46 Wash. 387, 123 Am. St. 937, 90 Pac. 211; *Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796; *Pereira v. Pereira,* 156 Cal. 1, 134 Am. St. 107, 103 Pac. 488, 23 L. R. A., N. S., 880; *In re Gold's Estate,* 170 Cal. 621, 151 Pac. 12.)

FLYNN, District Judge.—Respondent caused land in Idaho to be attached as the property of F. E. Empey to satisfy a debt incurred by Empey as surety for one Rice. Empey's wife, appellant herein, intervened, alleging the property attached to be community property and therefore not subject to attachment for the separate debt of her husband. The trial court found that $5,000 in value of the property attached was the separate property of defendant F. E. Empey, and was subject to the attachment, and ordered sufficient thereof sold to satisfy the judgment against Empey. No personal judgment was rendered against Empey because of lack of personal service. Rice was not served and did not appear. All the parties are residents of the state of Washington.

Respondent moves to dismiss the appeal on various grounds, of which we shall consider only the failure of appellant to serve notice of appeal on her husband. Comp. Laws, sec. 4808, requires service of notice of appeal on adverse parties, and it is claimed that the husband in this case is an adverse party.

Is Empey an "adverse party" within the meaning of the statute? No question of Empey's indebtedness, as alleged in the complaint and determined in the judgment, is presented here for review. The appeal is from the judgment of the trial court denying the contention made in the complaint in intervention that the land in question is community property and not, in whole or in part, the separate property of the husband. The case presented by the complaint in intervention and the answer thereto, which is the case before us on appeal, is in the nature of a suit by the wife to quiet title to, community real estate as against the lien of attachment. It is doubtful that such a suit may be maintained by a wife alone in the absence of allegations of fraud or collusion on

the part of the husband (*Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588), but this question has not been raised. The husband is not an adverse party to his wife in this action, for she must prosecute it, if she can do so at all, for their joint benefit. The appeal has for its object the establishment of the fact that there is no lien on the real estate, and the establishment of this fact by a reversal of the judgment would not prejudicially or injuriously affect the husband, and, therefore, the appeal will not be dismissed for failure to serve notice of appeal on him. (*Warren v. Ferguson,* 108 Cal. 535, 41 Pac. 417; *Pacific Mut. Life Ins. Co. v. Fisher,* 4 Cal. Unrep. 980, 39 Pac. 761.)

The question of who are adverse parties, within the meaning of Comp. Laws, sec. 4808, has been many times considered by this court. Without reviewing the cases decided on this point, both before and after the decision in *Nelson Bennett Co. v. Twin Falls etc. Co.,* 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980, we think that the conclusion arrived at in that case is the proper one, and that "adverse party" means any party who would be prejudicially affected by a modification or reversal of the judgment or order appealed from.

The questions presented by the appeal are: First, whether the real estate attached is to the extent of $5,000 the separate property of F. E. Empey, an affirmative answer thereto rendering necessary the affirmance of the trial court's judgment; and second, whether or not community real property situated in Idaho, belonging to nonresidents, is subject to attachment for the separate debt of the husband. An affirmative answer to the latter question renders a decision on the first question unnecessary, since the land is attached as belonging to Empey, and it is immaterial to the creditor whether it is sold as community real estate or the separate property of Empey, the amount in value found by the trial court to be the separate property of Empey being amply sufficient to cover the indebtedness.

It is contended that Rev. Codes, sec. 2686, as amended Sess. Laws 1913, chap. 105, p. 425, prohibits the husband from selling, conveying or encumbering the community real estate

unless the wife join with him in executing the deed or other instrument by which the real estate is sold, conveyed or encumbered; and, that if the court should hold that the community property of husband and wife can be levied on by execution and sold to satisfy the separate debt of the husband, it would be allowing the husband to do indirectly what he cannot do directly, and would thus allow him to destroy the community by entering into collusion with a third party and signing separate obligations as surety as in the present case. No collusion, however, is alleged or shown.

It is generally held that community property is liable for the separate debts, obligations and liabilities of the husband (5 R. C. L., sec. 37, p. 858), though this rule does not prevail in Washington in respect of community real estate. (*La Salle v. Woolery*, 14 Wash. 70, 53 Am. St. 855, 44 Pac. 115; *Stockand v. Bartlett*, 4 Wash. 730, 31 Pac. 24.)

We see no reason for departing from this general rule. Chapter 105 of Sess. Laws 1913, above referred to, does not expressly nor even impliedly oppose this holding, and the intention of the legislature to except community property from liability for the husband's debts does not appear in the statute. We therefore hold that community real estate is liable to attachment and execution for the debts of the husband, whether incurred for his own use or for the benefit of the community. In view of this conclusion, we deem it unnecessary to pass on the question of the correctness of the trial court's finding that the real estate attached was in part the separate property of F. E. Empey.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Rice, J., concur.