Points Decided.

(October 6, 1925.)

LILLIE C. GUSTIN, Formerly LILLIE C. BYAM, Appellant, v. R. D. BYAM, Husband of Plaintiff, BERT BYAM, ERB HARDWARE COMPANY, a Corporation, and HARRY LYDON, as Sheriff of Nez Perce County, State of Idaho, Respondents.

[240 Pac. 600.]

APPEAL AND ERROR—SPECIFICATION IN BRIEFS OF ERRORS IN RULINGS ON PLEADINGS OR INSTRUCTIONS—FRAUD—EVIDENCE—ADMISSIBILITY — DEFAULT JUDGMENT — AUTHORITY OF CLERK TO ENTER — WHEN VOID — HUSBAND AND WIFE — COMMUNITY PROPERTY — TRANSFERS IN FRAUD OF WIFE — SALES — POWER OF HUSBAND — COSTS.

1. Assignments of error for which no propositions of law are stated, authorities cited, or argument made in the brief, or reasons given why the ruling of the trial court was erroneous, will not be considered on appeal.

2. Reversible error cannot be predicated of the trial court's ruling that a foundation must be laid for the admission of a document in evidence, where it is offered against all defendants and by the terms of the offer and by the instrument itself its competency and admissibility against some of the defendants is not made to appear.

3. C. S., sec. 6832, does not authorize the clerk of the district court to enter a judgment by default in an action upon contract where the damages claimed are not liquidated by the terms of the contract itself.

4. A judgment by default entered by a clerk of the district court for principal, interest and attorney fee, in an action upon a promissory note which provides for an unliquidated reasonable attorney fee in the event of suit, is void.

5. In an action by a divorced wife against her former husband and others to recover damages for an alleged fraudulent transfer of community personal property, the wife cannot recover unless she proves that the transaction was in fact fraudulent as to her.

6. The husband has the right to sell community personal property even though it be exempt from execution.

Publisher's Note.
   3.  See 15 R. C. L. 667.
   6.  See 5 R. C. L. 853.

7. The transactions in the instant case examined, and *held* to amount to a valid sale by the husband of the community personal property.

8. On denial of a motion to strike his brief, prevailing party will not be allowed costs for the printing of brief where it was not served within the time provided by the rules of this court.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County.     Hon. Miles S. Johnson, Judge.

Action by divorced wife against former husband and others to recover damages for alleged fraudulent transfer of community personal property.    Judgment for defendants. *Affirmed*.

Daniel Needham, for Appellant.

The judgment by default entered by the clerk of the district court was void. (*Parke v. Wardner*, 2 Ida. (263) 285, 13 Pac. 172; C. S., sec. 6832; Freeman on Judgments, 4th ed., sec. 533; *Providence Tool Co. v. Prader*, 32 Cal. 634, 91 Am. Dec. 598; *Curry v. Roundtree*, 51 Cal. 184; *Blount v. Gallaher*, 22 Fla. 92.)

Fred E. Butler, for Respondents.

Plaintiff has no capacity to maintain this action. (*Cummings v. Cummings*, 72 Cal. ·xxi, 14 Pac. 562; McKay on Community Property, sec. 412; *Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588.)

Community property is liable for the debts of the husband whether incurred for his own use or for the benefit of the community. (*Holt v. Empey*, 32 Ida. 106, 178 Pac. 703.)

Failure to claim property as exempt until after the sale constitutes a waiver of the claim of exemption. (*Stanton v. French*, 83 Cal. 194, 23 Pac. 355; *Parsons v. Evans*, 44 Okl. 751, 145 Pac. 1122, L. R. A. 1915D, 381; *Pillsbury v. Title Ins. & Trust Co.*, 175 Cal. 454, 166 Pac. 11, 3 A. L. R. 1396; *State v. Boulden*, 57 Md. 314; *In re Stern*, 208 Fed. 488.)

There can be no actionable conspiracy where the act done is lawful or the means employed are also lawful. (*Barton v. Rogers,* 21 Ida. 609, Ann. Cas. 1913E, 192, 123 Pac. 478.)

"The rule is well settled that in addition to specifying the alleged errors complained of the brief should state reasons to show why the rulings complained of were erroneous." (3 C. J. 1428; *Los Angeles Traction Co. v. Wilshire,* 135 Cal. 654, 67 Pac. 1086; Idaho Sup. Ct. Rules No. 42.)

BUDGE, J.—At the time appellant commenced her action in the district court she was the wife of respondent R. D. Byam. In the interval, some four years, between the commencement and trial, she had secured a divorce and had remarried. She brought this suit against her former husband, his brother Bert Byam, Erb Hardware Company, a corporation, and the sheriff of the county, to set aside a judgment procured by the hardware company against her husband, and to recover the value of the community personal property levied upon and sold at sheriff's sale under an execution issued upon said judgment, and for $5,000 damages for alleged malicious taking of such property, and for mental and bodily pain and suffering alleged to have been caused by the levy upon the personal property and its sale depriving her of the necessaries of life. The complaint alleges that all of the respondents conspired to cheat and defraud appellant out of the personal property sold at the sheriff's sale, all of which property she claims was exempt from execution, and that at such time she was abandoned by her husband and left in destitute circumstances.

Appellant and R. D. Byam married in 1915. In 1916 she and her husband lived upon land of about 550 acres owned by her father, Joe Hermann, under an arrangement by which the husband was to farm the land during that year and give one-half of the crop for the use of the land. On July 28, 1916, R. D. Byam gave to his brother Bert a note for $750 secured by a chattel mortgage covering the whole of the crops, including the landlord's share. Appellant did

not join in the execution or acknowledgment of this mort-
gage. At the insistent request of Joe Hermann this mort-
gage was released by the mortgagee on September 26th, by
an instrument which recited that the indebtedness secured
was fully paid.

Prior to September 30th Bert Byam indorsed to the hard-
ware company a note for $750, signed by R. D. Byam,
dated July 28, 1916, payable on demand, contended to be
the same note theretofore secured by the chattel mortgage.
On September 30th the hardware company brought suit on
this note, together with one for $61.60 given to it by
R. D. Byam, praying judgment for principal, interest and a
total of $100 as reasonable attorney fees for the prosecution
of the action. On the same day a summons was served
on R. D. Byam, a demurrer filed by his attorney, and a
notice served upon such attorney that the demurrer would
be called up for hearing October 2d. On the latter date
an order was made by the district judge in chambers over-
ruling the demurrer and giving the defendant to October
3d to answer. No answer being filed, the clerk of the
court on October 5th entered the default of R. D. Byam,
and immediately thereafter entered a judgment against him
for the principal amount of the notes, together with in-
terest, costs and $100 attorney fees, and issued an execution
thereon. Under such execution the sheriff of the county on
October 6th levied upon Byam's share of the grain, wheat
straw and hay raised and then upon the premises, and on
October 13th sold such one-half share to the hardware com-
pany for the sum of $1,200.

It further appears that on September 29th R. D. Byam
left the farm and did not again return. According to ap-
pellant's testimony, he left her without means of support,
and did not make or offer to make a home elsewhere for
her and their infant child. On October 20th she made a
demand upon the sheriff for the return of the personal
property sold by him or for its value, alleging that the
whole thereof was exempt from execution, but this demand
was not complied with.

Upon the trial, at the close of appellant's testimony, the court on motion of respondents instructed the jury that the evidence produced by appellant did not warrant a verdict in her favor. Thereupon the jury returned a verdict in favor of the respondents. From judgment entered upon such verdict this appeal is prosecuted. No evidence was offered by appellant as to the amount claimed by her as damages for the alleged malicious taking of her property or for mental and bodily pain and suffering; therefore, outside of errors alleged to have been committed by the trial court in the rejection of evidence, this case presents only the question of appellant's right to recover the value of the community personal property sold at sheriff's sale.

Appellant's third and fourth assignments of error are that the court erred in not specifying the points stated in respondent's motion for a directed verdict, and erred also in overruling the appellant's demurrer, general and special, to respondents' answer and separate affirmative defenses. No propositions of law are stated, authorities cited, or reasons given or argument made in appellant's brief as to why the ruling of the trial court was erroneous, therefore they will not be considered.

Appellant first contends that the trial court erred in not admitting in evidence the chattel mortgage offered by appellant, being the one given by R. D. Byam to his brother securing the payment of the $750 note. Appellant offered this instrument in evidence to show a conspiracy of all the respondents to defraud the appellant out of the community personal property exempt from execution, and by its admission sought to prove that such chattel mortgage was the basis of the hardware company's action, contained a copy of the note sued upon in that case, showed that the pretended indebtedness had been paid, and that it covered community personal property claimed to be exempt from execution without the concurrence of the wife in its signature and acknowledgment. Counsel for appellant seems to insist that proof of these matters would establish a concerted undertaking on the part of at least the two Byams

and the hardware company to defraud appellant out of the exempt personal property, as there is no evidence or offer of any evidence to show joint action other than the chattel mortgage and its release, and a probable identity of the copy of the promissory note therein contained with the note sued upon by the hardware company. The hardware company's action was not a foreclosure of a chattel mortgage. That mortgage was released and no lien thereunder attempted to be enforced. It might be inferred from the record that the release was executed not because the indebtedness was paid but because the mortgage covered the landlord's as well as the tenant's share of the crops. It also appears that Bert Byam was not the only creditor intended to be secured by such mortgage. Appellant's offer of proof falls short of showing that the hardware company had not given value for the promissory note, or that it did not take it in good faith and before maturity, or that there was on its part any fraud or conspiracy to defraud. The trial court ruled that before the chattel mortgage would be admitted in evidence some testimony must first be produced implicating the company in fraud or conspiracy to defraud the appellant. Considering the record and the time and purpose of the offer of this mortgage, we are unable to say that the trial court committed reversible error in sustaining respondent's objection to its admission in evidence.

Appellant attacks the judgment entered by the clerk upon the default of R. D. Byam to answer in the original action, and contends that the judgment so entered is void.

C. S., sec. 6832, provides:

"Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter

judgment for the amount specified in the summons, including the costs against the defendant. . . . .

"2. In other actions, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. If the taking of an account or the proof of any fact, is necessary to enable the court to give judgment . . . . the court may take the account or hear the proof."

Under subdivision 1 of the foregoing statute, where the action is one arising upon contract for the recovery of money or damages only, and no answer has been filed within the time specified, the clerk, upon application, must enter the defendant's default. But to authorize the clerk to enter judgment, the damages or amount to be recovered must be liquidated or capable of mathematical calculation from the terms of the contract itself. A default by failure to answer, in cases claiming unliquidated damages, is an admission that there is something due to the plaintiff but is not an admission that the sum claimed in the complaint is the correct amount. (34 C. J. 175.) Therefore in such cases evidence must be submitted to the court and the amount of damages judicially ascertained, as provided by subdivision 2, *supra*. In the case referred to, the hardware company sought to recover as a reasonable attorney fee $75 upon its cause of action on the $750 note, and $25 upon its cause of action on the $61.60 note. These notes provided for a reasonable attorney fee in case suit be brought for their collection. The default admitted that there was a reasonable attorney fee due, but did not admit that the sum claimed in the complaint was the proper amount. What was a reasonable attorney fee was a question of fact for judicial determination by the court under subdivision 2 of the statute, and outside the purely ministerial authority conferred upon the clerk by subdivision 1. The judgment entered was in excess of the clerk's authority

under the statute, and therefore was void. (*Landwehr v. Gillette,* 174 Cal. 654, 163 Pac. 1018; *Saucer v. Vincent,* 82 Fla. 296, 89 So. 802; 34 C. J. 179.)

Under her second assignment of error appellant contends that the court erred in instructing the jury to return a verdict for the respondents, claiming that the verdict of the jury and the rulings of the court were contrary to and against the evidence and against law, or, in other words, that appellant's evidence was sufficient to make a *prima facie* case. Since the judgment obtained by the hardware company was void, and the execution sale thereon was also void, there was no valid execution sale. The question therefore arises: Has the appellant shown that the respondents converted to their own use community personal property under such facts and circumstances that she has a right of action against them to recover the value of such property?

C. S., sec. 4666, gives the husband the management and control of the community property, with full power of alienation save as excepted in the statute. Among the powers he may exercise alone is that of the sale of community personal property, whether it be exempt from execution or not. The community property is liable for the separate debts of the husband as well as for community debts. (*Holt v. Empey,* 32 Ida. 106, 178 Pac. 703.). The interest of a wife in community property is so vested in her that the husband cannot deprive her of it by voluntary alienation for the mere purpose of divesting her of her claim to it. (*Hall v. Johns,* 17 Ida. 224, 105 Pac. 71.) In *Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212, it was held that the wife's complaint in intervention in an action brought by a third party against her husband makes a *prima facie* showing of a cause of action in favor of the wife by alleging that the action against the husband was collusive, that there was nothing due upon the pretended claim sued upon, and that the claim was fictitious and fraudulent and the action was brought for the sole purpose of depriving the wife of her rights in the community property. It follows that in order to defeat the threatened alienation of the community

41 Idaho—35

property such allegations must be proved. In the instant case the appellant makes similar allegations, and she must likewise prove them. We are of the opinion that appellant failed to prove alienation for the mere purpose of divesting her of her interest in the community personal property in that she did not show that the hardware company had not acquired the promissory notes in good faith, for value, or before maturity, or that such notes were not in fact valid indebtedness of R. D. Byam or of the community. She also did not show that the hardware company was implicated in any fraud or conspiracy to defraud her, or that prior to the time the personal property passed into its hands by the void sheriff's sale it had knowledge that appellant had been abandoned by her husband.

Since the allegation of collusive suit upon a fictitious claim remains unproved, and since appellant. alleges in effect that the company commenced its action, had execution issued, and levied upon and sold the personal property with the consent of the husband R. D. Byam, which allegations were not denied, it necessarily follows that R. D. Byam intended that the company should have his one-half share of the crops and sell the same in payment of the judgment, although void. R. D. Byam, after the sale and application of the proceeds upon the judgment, accepted and receipted for the excess. The record further discloses that it was the intention of Byam to pay his creditors for that year out of his share of the crops, and he so notified the father of appellant by letter dated August 31, 1916. We conclude that the record shows an indebtedness of R. D. Byam or of the community to the hardware company, a possession of community personal property by that company, and an agreement by Byam that such property might be taken by it in payment of the indebtedness. We think that this is in effect a sale of the property, within the legal power of the husband, R. D. Byam, and that appellant has shown no good legal reasons why it should be overturned or why she should recover. (*Beach v. Fireovid,* 84 Kan. 357, Ann. Cas. 1912A, 670, 114 Pac. 206.)

A motion was made by the appellant herein to strike respondent's brief from the files, for the reason that it was not served upon appellant or her attorney within the time provided by Rule 45 of this court. A similar motion was made by respondent as to appellant's brief. The delay in filing respondent's brief did not prevent appellant from filing a reply brief, nor did it cause any postponement of the hearing, and as both parties seem to be in equal default, we are of the opinion that neither motion should be granted. However, following *Taylor v. Fluharty, ante,* p. 511, 239 Pac. 1049, the prevailing party will not be allowed costs for printing his brief.

Our disposal of the case upon the grounds before stated makes it unnecessary to consider other points raised by the briefs. The judgment of the court below is affirmed, with costs, except for printing brief, to respondents.

William A. Lee, C. J., and Taylor, J., concur.

WM. E. LEE, J., Concurring Specially.—I concur in the result. The trial court properly directed a verdict. Appellant failed to establish a right to recover.

Givens, J., concurs with Wm. E. Lee, J.