In re Mary C. HEGG, Debtor.

Mary C. Hegg, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 98–00873.
Adversary No. 98–6206.

United States Bankruptcy Court,
D. Idaho.

April 19, 1999.

Les Bock, Dillion, Bosch, Daw & Bock, Boise, ID, for plaintiff.

Richard R. Ward, U.S. Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

**Background.**

In this adversary proceeding, Plaintiff Mary Hegg seeks a determination that certain federal tax liens do not attach to her residence or other assets. Pursuant to a procedural agreement reached during a pre-trial telephonic conference held on December 22, 1998, the parties filed a stipulation of material facts, cross-motions for summary judgment, and supporting briefs. The Court having now reviewed the submissions of the parties, renders the following decision.

**Facts.**

In deciding this matter, the Court has relied solely upon the facts as stipulated in writing by the parties. Therefore, no purpose would be served by reciting those facts again here.

**Applicable Law.**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable here by F.R.B.P. 7056. Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact remaining and the moving party is entitled to judgment as a matter of law. F.R.B.P. 7056; *State Farm Mutual Auto. Ins. Co. v. Davis,* 7 F.3d 180, 182 (9th Cir.1993); *FSLIC v. Molinaro,* 889 F.2d 899, 901 (9th Cir.1989).

**Discussion.**

The Court must resolve three issues in this action. First, the Court must determine whether the IRS holds a valid federal tax lien on Plaintiff's residence. Second, the Court must determine the status of the 1988 and 1989 federal tax liens on Plaintiff's personal property as described in her bankruptcy schedules. Finally, the Court must determine whether a purported conveyance of an interest in Plaintiff's residence to IRS is valid.

Under 26 U.S.C. § 6321, the amount of any tax a person neglects or refuses to pay after demand constitutes a lien in favor of the United States upon all of the person's property. The lien arises as of the date of the assessment of the tax. 26 U.S.C. § 6322. State law is determinative of the existence and nature of the property rights against which a tax lien has been asserted. *See United States v. Glad (In re Glad),* 66 B.R. 115, 118 (9th Cir. BAP 1986). Once the federal tax lien attaches to a property right created under state law, the effects and consequences of the tax lien are governed by federal law. *Id.* Once the tax lien attaches to property, it cannot be extinguished by a subsequent transfer of the property. *United States v. Donahue Industries, Inc.,* 905 F.2d 1325, 1330 (9th Cir.1990).

In this case, the IRS made an assessment for the 1991 tax on June 25, 1992. On that date, a federal tax lien was created and attached to all of David Hegg's property. Under Idaho law, because the residence in Boise had been acquired by Heggs during their marriage, the residence constituted community property on the date of assessment. Idaho Code § 32–906. Since David Hegg owned a community property interest in the residence, the lien attached to that interest. The tax lien was not extinguished by the subsequent transfer of the residence to Plaintiff as her separate property as a result of the Heggs' divorce. Therefore, IRS holds a valid tax lien on the residence.

Plaintiff argues that under state law, however, the lien should not be deemed to attach to the community property interest in the house. While, as noted above, this analysis does not involve an application of state law, even were Idaho's community property rules and case law applicable,

Plaintiff is nonetheless incorrect in her position.

■ The general rule in Idaho is that community property can be reached by a creditor to satisfy the separate debts of each spouse. *Bliss v. Bliss,* 127 Idaho 170, 898 P.2d 1081, 1084 (1995); *Gustin v. Byam,* 41 Idaho 538, 240 P. 600, 603 (1925); *Holt v. Empey,* 32 Idaho 106, 178 P. 703, 704 (1919) (community property is liable for separate debts of husband). Plaintiff interprets the rule in *Bliss* to be that community assets cannot be used to satisfy a debt incurred as a result of the fraudulent conduct by one of the spouses. Plaintiff argues that the rule of *Holt v. Empey* is no longer good law. *See Hansen v. Blevins,* 84 Idaho 49, 367 P.2d 758, 762 (1962) ("It is not necessary to a decision in this case to determine whether community property is liable in all cases for the payment of obligations incurred by the tort of the husband.") Admittedly, there may be some uncertainty surrounding this area of the law. *See* Comment, *The Uncertainty of Community Property for the Tortious Liabilities of One of the Spouses: Where the Law is Uncertain, There is No Law,* 30 Idaho L.Rev. 799 (1994). However, *Holt v. Empey* has never been expressly overruled by Idaho's courts. Therefore, in the absence of clear instructions from the Idaho courts to the contrary, the precept that community property can be reached to satisfy a creditor's claim against one spouse for tortious conduct must be applied.

■ As a result, when the Heggs divorced in 1994, Plaintiff received the parties' community property interest in the residence already encumbered by the tax lien for the 1991 liability. While IRS subsequently granted Plaintiff a release from personal liability for the 1991 tax, it did not effect a release of the tax lien it had already acquired by virtue of David Hegg's prior ownership of the residence. Moreover, because the lien was not expressly avoided or otherwise restructured by Plaintiff's confirmed Chapter 13 plan, it continues unaffected by the bankruptcy and continues as a valid lien on the property. *See Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Bisch v. United States,* 159 B.R. 546, 549 (9th Cir. BAP 1993). IRS is entitled to summary judgment declaring the 1991 tax lien valid and enforceable as against the residence.

The Court next turns to whether IRS has valid liens on Plaintiff's personal property. The tax assessments for tax years 1988 and 1989 were made against Mary Hegg on November 2, 1992, and on March 13, 1995. These assessments totaled $16,-406.26 as evidenced by the amendment to the IRS proof of claim filed on April 7, 1998. The federal tax liens resulting from these assessments attach to any real or personal property owned by Hegg, including the $112,220 in personal property listed in her bankruptcy schedules. 26 U.S.C. § 6321. While the 1991 tax lien exhausts any equity Plaintiff may have in the residence, based upon the values she placed upon these assets in her bankruptcy case, the 1988 and 1989 tax liens would appear to be fully secured by Plaintiff's personal property. The IRS is also entitled to summary judgment on this issue.

■ Plaintiff asserts that the any lien or interest in favor of IRS created by Mr. Hegg's execution and recording of an instrument on July 22, 1992, purporting to grant a one-half equity interest in the residence to IRS should be void *ab initio* under Idaho law. The Court agrees. Under Idaho law neither a husband or wife "may sell, convey or encumber the community real estate unless the other joins in executing the [instrument]." Idaho Code § 32–912. The instrument in question was executed solely by David without Mary's consent or participation. The IRS does not assert any rights based on this instrument, but the purported conveyance constitutes a cloud on the title to the real estate and should be removed. Accordingly, summary judgment will be entered in

Plaintiff's favor declaring that any interest or lien in favor of IRS arising from this purported conveyance to be void and of no force and effect.

Plaintiff argues that actions taken by IRS in connection with the bankruptcy case and confirmation of the Chapter 13 plan should effect the secured status with respect to the 1991 tax lien. The Court has reviewed the record in the bankruptcy action and finds that IRS did not release or waive its lien rights in any effective manner.

 Plaintiff also invites the Court to fashion some equitable remedy in her favor under these unique circumstances. Initially, however, the Court does not find that IRS has engaged in any conduct upon which Plaintiff or her attorneys could reasonably rely to Plaintiff's detriment. The actions of the IRS are consistent, in the Court's opinion, with the statutory and other legal rights of the creditor.

In addition, "[w]hile endowing the court with general equitable powers, Section 105 does not authorize relief inconsistent with the provisions of the Bankruptcy Code." *In re One Hundred Bldg. Corp.*, 97.2 I.B.C.R. 56, 58 (citing *In re American Hardwoods, Inc.*, 885 F.2d 621, 625 (9th Cir.1989) and *In re Gurney*, 192 B.R. 529, 537 (9th Cir. BAP 1996)). The results dictated here by the federal tax lien statutes are clear and absent an express provision in the Bankruptcy Code providing Plaintiff relief, it would be inappropriate for the Court to intervene.

**Conclusion.**

For the reasons set forth above, the IRS is entitled to summary judgment declaring the 1991 federal tax lien on Plaintiff's residence valid and enforceable since the residence was community property at the time of attachment of the lien. The IRS is also entitled to summary judgment validating the 1988 and 1989 tax liens. These liens are fully secured by Plaintiff's personal property. Finally, Plaintiff is entitled to

judgment as a matter of law with respect to invalidating any interest allegedly created by or arising from the instrument executed by David Hegg on July 16, 1992 in favor of IRS. That purported transfer is void under Idaho law.

Counsel for the IRS shall submit an appropriate form of order and judgment for entry by the Court. Counsel for Plaintiff shall cooperate in approving the form of order.