**IN THE SUPREME COURT OF THE STATE OF DIAHO**
**Docket No. 36381**

| | |
|---|---|
| CREDIT BUREAU OF EASTERN IDAHO, INC., an Idaho Corporation, )<br><br>Plaintiff-Appellant, )<br><br>v. )<br><br>JEFF D. LECHEMINANT and LISA LECHEMINANT, )<br><br>Defendants-Respondents. ) | Boise, May 2010 Term<br><br>2010 Opinion No. 66<br><br>Filed: June 18, 2010<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Madison County. Hon. Brent J. Moss, District Judge.

The judgment of the district court is <u>vacated</u> and remanded to district court for proceedings consistent with this Opinion. Idaho Code § 11-204 is unconstitutional. Attorneys fees and costs are awarded to appellants.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellants. Bryan N. Zollinger argued.

Smith & Banks, PLLC, Idaho Falls, for respondent. Marvin Smith argued.

W. JONES, Justice

## I.      FACTS AND PROCEDURAL HISTORY

On February 14, 2006, the plaintiff, Credit Bureau of Eastern Idaho, Inc. (CBEI) filed a complaint against Jeff Lecheminant (Jeff) and his then current wife, Lisa Lecheminant, to obtain a judgment in the amount of $803.16. On March 28, 2006, a magistrate court entered a default judgment for the full amount in favor of CBEI. In September of 2006, CBEI was made aware that Jeff had remarried and was currently married to Sandy Lecheminant (Sandy).[1] Also CBEI was informed that Sandy was employed at Eastern Idaho Regional Medical Center (EIRMC).

---

[1] She is also referred to in the briefs as Sandy Moulton.

That same month, CBEI filed an application with the magistrate court requesting the issuance of an order of continuing garnishment against EIRMC. The court, on September 28, 2006, entered an order requiring EIRMC to garnish Sandy's wages. On October 15, 2006, EIRMC and Sandy filed a claim of exemption asserting that Sandy's wages were exempt from garnishment pursuant to I.C. § 11-204. CBEI filed a motion to contest the claim of exemption. A hearing was held on October 21, 2007. On February, 21, 2008, the magistrate court entered a written order denying CBEI's motion to contest the claim of exemption and granting the claim of exemption.

CBEI filed a notice of appeal with the district court on February 28, 2008. On February 11, 2009, the district court entered a memorandum decision affirming the ruling of the magistrate court. CBEI filed a notice of appeal from the memorandum decision.

## II. ISSUES ON APPEAL

1. Whether CBEI has standing to challenge the constitutionality of I.C. § 11-204.

2. Whether I.C. § 11-204 is constitutional.

3. Whether I.C. § 32-912 allows for garnishment in this case.

4. Whether a debt must benefit the community in order to be satisfied out of the community property.

5. Whether the principle of extension can be applied to I.C. § 11-204.

6. Whether *Miller v. Miller*, 113 Idaho 415, 745 P.2d 294 (1987), is applicable to this case.

7. Whether the Lecheminants were required to file a cross-appeal under I.A.R. 15.

8. Whether antenuptial debts can be satisfied out of community property.

9. Whether a party must prevail in its effort to enforce a judgment in order to be awarded post-judgment attorney fees and costs under I.C. § 12-120(5).

10. Whether attorney fees should be awarded to CBEI under I.C. § 12-120(1) and (3) on appeal.

## III. STANDARD OF REVIEW

The constitutionality of a statute is a question of law over which this Court exercises free review. *Moon v. North Idaho Farmers Ass'n*, 140 Idaho 536, 540, 96 P.3d 637, 641 (2004) (citing *Fremont-Madison Irr. Dist. & Mitigation Group v. Idaho Ground Water Appropriators, Inc.*, 129 Idaho 454, 457, 926 P.2d 1301, 1304 (1996); *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998)). Procedural issues are also a question of law over which this Court exercises free review. *Zenner v. Holcomb*, 147 Idaho 444, 451, 210 P.3d 552, 559 (2009) (citing *Blaser v. Cameron*, 116 Idaho 453, 455, 776 P.2d 462, 464 (Ct. App. 1989)).

# IV. DECISION

**A.     CBEI has standing to challenge the constitutionality of I.C. § 11-204.**

The Lecheminants claim CBEI lacks standing to challenge the constitutionality of I.C. § 11-204 for two reasons: (1) CBEI does not fit within the class excluded from the benefit of I.C. § 11-204 and (2) CBEI does not possess a constitutionally protected right that it alleges was violated.

The district court dismissed the claim because it held that CBEI does not fit within the class unfairly burdened by I.C. § 11-204.

CBEI has standing to challenge the constitutionality of I.C. § 11-204. This Court has held that a party does not need to be a member of the class excluded from the benefit of a statute in order to have standing. This Court has held:

> [I]t must appear that the alleged unconstitutional provisions operate to the hurt of the [litigant] and adversely affect his rights or put him to a disadvantage. It is a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or is about to be, applied to his disadvantage.

*Harrigfeld v. Dist. Court of Seventh Judicial Dist. In & For Freemont* [sic] *County*, 95 Idaho 540, 543, 511 P.2d 822, 825 (1973) (quoting *State v. Clark*, 88 Idaho 365, 376–377, 399 P.2d 955, 962 (1965)).

In *Harrigfeld*, the plaintiffs, the wife of the decedent and the decedent's daughter, asserted a claim for damages for the death of their husband and father. 95 Idaho at 541, 511 P.2d at 823. The defendants petitioned this Court to obtain a writ of prohibition because they claimed the plaintiffs did not have a cause of action. Under the wrongful death statute in effect at the time of death of the decedent, the only parties with standing to sue for the wrongful death of a minor were the parents of the minor. *Id.* Conversely, the spouse or heirs of the decedent had standing if the decedent was an adult. *Id.* at 541–42, 511 P.2d at 823–24. The minority statute in effect at that time placed the age of majority for males at twenty-one and for females at eighteen. *Id.* at 542, 511 P.2d at 824. The decedent was considered a minor under the statute because he was only twenty years of age at the time of his death. *Id.* The plaintiffs opposed the writ, contending that because the statute provided females the benefits of adult status at the age of eighteen, under the Equal Protection Clause, males should receive similar treatment. *Id.* at 542–43, 511 P.2d at 824–25. The plaintiffs argued that they were the proper party to bring the claim. *Id.* at 543, 511 P.2d at 825. This Court held that the plaintiffs had standing to challenge the

3

constitutionality of the minority statute. *Id.* This Court provided, "It is a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or is about to be, applied to his disadvantage." *Id.* This Court then held that although the plaintiffs were not members of the class that was unfairly burdened by the statute, they had standing to assert the constitutional challenge because they had a personal interest in the matter. *Id.* Without standing, this Court wrote, the plaintiffs would be precluded from asserting their claim for damages for the death of their husband and father. *Id.*

In this case, like in *Harrigfeld*, application of I.C. § 11-204 will injure CBEI because it will prevent CBEI from garnishing Sandy's wages to collect on the judgment. Thus, though CBEI is not a member of the class that is unfairly burdened by I.C. § 11-204 (a married man attempting to protect his property from execution against his wife), it has a sufficient interest in the matter to have standing to assert the constitutional challenge.

**B. Idaho Code § 11-204 is unconstitutional.**

CBEI claims I.C. § 11-204 violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. The district court did not rule on whether I.C. § 11-204 is constitutional.

Idaho Code § 11-204, provides:

> All real and personal estate belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all the rents, issues and profits thereof, and all compensation due or owing for her personal services, is exempt from execution against her husband.

The Supreme Court of the United States has consistently held that the Equal Protection Clause does not prohibit states from treating different classes of people differently. *Reed v. Reed*, 404 U.S. 71, 75 (1971) (citing *McDonald v. Bd. of Election Commissioners*, 394 U.S. 802 (1969); *Railway Express Agency v. New York*, 336 U.S. 106 (1949); *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61 (1911); *Barbier v. Connolly*, 113 U.S. 27 (1885)). The Court, however, has required that any differentiation in treatment on the basis of sex "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Id.* (quoting *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).

This Court holds that Idaho Code § 11-204 is unconstitutional, as it treats husbands and wives unequally. Under I.C. § 11-204, the earnings of a wife are exempt from execution against

her husband, but the earnings of a husband are not exempt from execution against his wife. Additionally, the unequal treatment under I.C. § 11-204 is arbitrary and does not demonstrate a substantial relation to the objective of community property legislation. When I.C. § 11-204 was enacted, husbands managed and controlled community property. *Action Collection Serv., Inc. v. Seele*, 138 Idaho 753, 758, 69 P.3d 173, 178 (Ct. App. 2003). At that time, I.C. § 11-204 provided an exception that allowed wives some control over their own earnings. The policy of the State of Idaho, however, was altered in 1974 to give husbands and wives equal right to manage and control their community property. I.C. § 32-912. Thus, Idaho Code § 11-204 no longer conforms with the object of community property law because it requires a distinction to be made between the earnings of husbands and wives, when the current policy is to treat the earnings as one—giving the right to manage and control community property to both spouses.

This is similar to the ruling in *Sutter v. Sutter*, 97 Idaho 461, 467, 546 P.2d 1169, 1175 (1976), where this Court ruled upon the constitutionality of I.C. § 32-909. Idaho Code § 32-909 provided that "[t]he earnings and accumulations of the wife . . . while she [was] living separate from her husband are the separate property of the wife." In *Sutter*, this Court held that I.C. § 32-909 violated the Equal Protection Clause because it "result[ed] in unequal treatment for a husband and a wife as regards their individual earnings after separation," and did not further the object of community property legislation. *Id.*

The Lecheminants cite *Action Collection Service*, 138 Idaho at 757–58, 69 P.3d at 177–78, and *Twin Falls Bank & Trust Company v. Holley*, 111 Idaho 349, 352–354, 723 P.2d 893, 896–898 (1986), but do not assert a cognizable argument as to how I.C. § 11-204 is constitutional. The Lecheminants cite a section of *Action Collection Service*, 138 Idaho at 757–58, 69 P.3d at 177–78, where the court of appeals held that a creditor could garnish the community property of the debtor in order to satisfy the antenuptial debts of the debtor. The Lecheminants also cite *Twin Falls Bank & Trust Company*, 111 Idaho at 352–354, 723 P.2d at 896–898, where this Court held that a creditor could not execute against community assets that were awarded to the wife pursuant to a divorce decree when the bank failed to prove that the husband was awarded insufficient community assets in the divorce decree to satisfy the community obligation he assumed. These holdings are irrelevant, as they do not decide constitutional issues.

5

**C.    CBEI does not rely upon I.C. § 32-912 when arguing that antenuptial debts bind community property.**

The Lecheminants claim CBEI asserts that pursuant to I.C. § 32-912, "[A]ntenuptial debts of one spouse bind[] the community property and makes the community assets available for execution."  Nevertheless, the Lecheminants have misinterpreted CBEI's use of I.C. § 32-912.  CBEI simply cited I.C. § 32-912 to demonstrate that I.C. § 11-204 is contrary to current community property legislation.

**D.    The debt does not need to benefit the community in order to be satisfied out of the community property.**

The Lecheminants claim the judgment is not to be paid out of community property because the debt was not incurred for the benefit of the community.  The debt arose before the present marital community, the Lecheminants assert.

The district court held that the separate antenuptial debts of either spouse are payable out of community property.

The Lecheminants are mistaken because the debt does not need to be incurred for the benefit of the community in order for the community to be liable.  This Court and the court of appeals have held that separate debts of either spouse may be paid from community property.  *Bliss v. Bliss*, 127 Idaho 170, 174, 898 P.2d 1081, 1085 (1995) (dictum); *Gustin v. Byam*, 41 Idaho 538, 545, 240 P. 600, 603 (1925); *Holt v. Empey*, 32 Idaho 106, 110, 178 P. 703, 704 (1919); *Action Collection Service*, 138 Idaho at 758, 69 P.3d at 178.

The Lecheminants rely upon a quote from *Matter of Freeburn's Estate*, 97 Idaho 845, 849, 555 P.2d 385, 389 (1976), where this Court wrote: "The character of an item of property as community or separate vests at the time of its acquisition."  (citations omitted).  Nevertheless, that statement is entirely irrelevant because it concerns whether an item is community or separate property, which is not an issue before this Court.  *Id.*

**E.    The principle of extension is not applicable to I.C. § 11-204.**

The Lecheminants claim I.C. § 11-204 should apply equally to husbands and wives under the principle of extension.

The principle of extension has been limited to instances where extension of a code section, instead of invalidation, would best serve its legislative purpose.  *E.g., Harrigfeld*, 95 Idaho at 545, 511 P.2d at 827; *Murphey v. Murphey*, 103 Idaho 720, 725, 653 P.2d 441, 446 (1982).  For example, in *Harrigfeld*, instead of nullifying a code section that fixed the age of

6

majority at eighteen for females but twenty-one for males, this Court reduced the age of majority for males to eighteen. 95 Idaho at 545, 511 P.2d at 827. This Court found extension proper because the Legislature had shown a desire for both men and women eighteen years of age to have adult status. *Id.* In *Murphey*, this Court extended a code section to husbands that initially only made wives eligible to receive alimony because it found the purpose of the section served by extending the benefits of alimony to husbands. 103 Idaho at 725, 653 P.2d at 446.

Idaho Code § 11-204 is contrary to the Legislature's modern-day community property policy and its extension is inappropriate. When I.C. § 11-204 was adopted in 1881, husbands had sole management and control of community property. *Action Collection Service*, 138 Idaho at 758, 69 P.3d at 178. Idaho Code § 11-204 provided wives some protection from execution against their husbands. In 1974, however, the Legislature changed its community property policy; under the current policy, "Either the husband or the wife shall have the right to manage and control the community property . . . ." I.C. § 32-912. Since wives now have an equal right to manage and control their community property, they no longer need the protection provided under I.C. § 11-204. Likewise, extension of I.C. § 11-204 would not serve the legislative purpose because husbands do not need its protection—they already have the right to manage and control their community property.

**F.      The holding in *Miller v. Miller*, 113 Idaho 415, 745 P.2d 295 (1987), is not applicable to this case.**

The Lecheminants challenge the holding of the district court that *Miller* is not relevant to this case. The Lecheminants assert that *Miller* stands for the proposition that only the wages of a judgment debtor can be garnished. The Lecheminants assert that since Sandy was not the judgment debtor, under the holding in *Miller*, her wages cannot be garnished.

The holding in *Miller* is not applicable to this case. In *Miller*, this Court held that under I.C. § 8-509, garnishment of the wages of a judgment debtor's spouse could not be obtained because that code section only allows garnishment against a judgment debtor. *Id.* The holding in *Miller* is irrelevant to this case because CBEI did not attempt to garnish Sandy's wages pursuant to I.C. § 8-509. Instead, CBEI asserted that Sandy's wages may be garnished because her earnings are community property.

**G.      The Lecheminants did not need to file a cross-appeal under I.A.R. 15.**

CBEI claims the Lecheminants were required to file a cross-appeal under I.A.R. in order to challenge the ruling of the district court. CBEI asserts, thus, each of the three issues asserted

by the Lecheminants must be dismissed. The issues include: issue three, whether I.C. § 32-912 allows for garnishment in this case; issue four, whether a debt must benefit the community in order to be satisfied out of the community property; and issue six, whether the holding in *Miller* is applicable to this case.

Idaho Appellate Rule 15 provides that "[i]f no affirmative relief is sought by way of reversal, vacation or modification of the judgment, order or decree, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal." The Lecheminants were the prevailing party before the district court and an order was entered in their favor. Consequently, the Lecheminants did not need to file a cross-appeal because they have not sought affirmative relief in the form of reversal, vacation or modification of the judgment of the district court.

**H.      Antenuptial debts can be satisfied out of community property.**

The Lecheminants claim there are differences between this case and *Action Collection Service*, 138 Idaho 753, 69 P.3d 173, the case relied upon by the district court to hold that Sandy's wages may be garnished. The differences noted by the Lecheminants include: (1) the spouse in *Action Collection Service* was a judgment debtor and Sandy is not; (2) I.C. § 11-204 was not asserted in *Action Collection Service*; (3) and unlike the defendant in *Action Collection Service*, Sandy is not responsible for the underlying debts that led to the judgment. These differences, however, have no effect on the application of *Action Collection Service* for the general proposition that a creditor may garnish community property to satisfy antenuptial debts. 138 Idaho at 758, 69 P.3d at 178. Moreover, this Court has long held that the separate debts of either spouse may be paid from community property. *Bliss*, 127 Idaho at 174, 898 P.2d at 1085 (dictum); *Gustin*, 41 Idaho at 545, 240 P. at 603 (1925); *Holt v. Empey*, 32 Idaho at 110, 178 P. at 704.

**I.      Attorney fees and costs are awarded to CBEI under I.C. § 12-120(5) for its attempt to collect on the judgment on appeal to the district court and this Court.**

CBEI claims it should be awarded attorney fees and costs for the intermediate appeal before the district court and this appeal pursuant to I.C. § 12-120(5).

The magistrate court awarded CBEI a default judgment and attorney fees and costs under I.C. § 12-120(1) and (3). The magistrate court then prevented CBEI from collecting on the judgment by granting the claim of exemption. The district court affirmed. CBEI sought attorney

8

fees and costs under I.C. § 12-120(5) for its attempt to collect on the judgment, but the district court did not award attorney fees and costs because CBEI was not the prevailing party.

This Court awards CBEI reasonable attorney fees and costs against Jeff Lecheminant under I.C. § 12-120(5) for its attempt to collect on the judgment on appeal before the district court and this Court. Idaho Code § 12-120(5) provides:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

First, the district court erred in holding that a party must prevail in order to be awarded attorney fees and costs under I.C. § 12-120(5). Unlike other sections that expressly require a party to prevail in order to be awarded attorney fees and costs, I.C. § 12-120(5) includes no such requirement. This is in line with the reasoning of the court of appeals in *Action Collection Services, Inc., v. Bigham*, 146 Idaho 286, 289, 192 P.3d 1110, 1113 (Ct. App. 2008), wherein the court held that attorney fees and costs may be awarded even if a party does not prevail because I.C. § 12-120(5) does not contain a "prevailing party" standard.

Moreover, attorney fees and costs shall be awarded under I.C. § 12-120(5) because CBEI was entitled to reasonable attorney fees under subsection (1) and (3) in the underlying proceeding that resulted in the judgment. When attempting to collect on a judgment, a party may receive attorney fees and costs pursuant to I.C. § 12-120(5) if that party would have been awarded attorney fees and costs under subsection (1), (2), (3), or (4) in the underlying proceeding. Lastly, attorney fees and costs under I.C. § 12-120(5) may be awarded on appeal because the intermediate appeal to the district court and appeal to this Court were reasonable post-judgment attempts to collect on the judgment. *See Post v. Idaho Farmway, Inc.*, 135 Idaho 475, 479, 20 P.3d 11, 15 (2001) (holding that attorney fees and costs could be awarded under I.C. § 12-120(5) on appeal because it was a reasonable post-judgment attempt to collect on a judgment). This matter is to be remanded to the district court to award attorney fees against Jeff Lecheminant pursuant to I.C. § 12-120(5).

**J.      Attorney fees are not awarded to CBEI under I.C. § 12-120(1) and (3) on appeal.**

CBEI claims it should be awarded attorney fees under I.C. § 12-120(1) and (3) on appeal. Idaho Code § 12-120(5), however, is the exclusive fee provision and I.C. § 12-120(1) and (3) do

not apply. This Court has held that "[w]here two statutory provisions appear to apply to the grant of attorney fees, the specific controls over the general." *Shay v. Cesler*, 132 Idaho 585, 588, 977 P.2d 199, 202 (1999) (citing *K. Hefner, Inc. v. Caremark, Inc.*, 128 Idaho 726, 732, 918 P.2d 595, 601 (1996); *Roe v. Harris*, 128 Idaho 569, 572, 917 P.2d 403, 406 (1996)). As the more specific provision, applicable only when collecting on a judgment, I.C. § 12-120(5) applies to the exclusion of I.C. § 12-120(1) and (3).

## V. CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and further hold that CBEI has standing to challenge the constitutionality of I.C. § 11-204. Idaho Code § 11-204 is unconstitutional. This Court awards attorney fees and costs on appeal to CBEI against Jeff Lecheminant under I.C. § 12-120(5) and remands to the district court to award fees against Jeff Lecheminant pursuant to I.C. § 12-120(5). Costs to CBEI.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR**