**Emily OATMAN, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**SECRETARY OF the TREASURY OF the UNITED STATES and the United States of America, Defendant.**

**Civ. No. 92–0219–N–HLR.**

United States District Court,
D. Idaho.

Feb. 25, 1993.

Randall W. Robinson, Idaho Legal Aid Services, Lewiston, ID, for plaintiff.

Keith P. Duet, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

**ORDER GRANTING MOTION TO DISMISS**

RYAN, Senior District Judge.

**I. FACTS & PROCEDURE**

Following the filing of a joint federal income tax return by plaintiff and her husband, on or about March 25, 1991, the Internal Revenue Service (IRS) issued a notice indicating that it would not refund any part of taxes withheld for 1990, but instead would apply the entire refund to a past-due obligation of plaintiff's spouse for child support from a previous marriage. Complaint, filed May 27, 1992, at 4 ¶ 13. As required, plaintiff filed a refund claim with the IRS; however, the claim was denied based on the IRS's determination that:

> [C]ommunity property in Idaho can be used to satisfy any pre-marital or other separate debts, obligations, and liabilities of either spouse. Therefore, the entire overpayment on a joint return can be applied to the child support obligation of one spouse.

*Id.*, Ex. B, letter dated July 18, 1991.

Thus, plaintiff filed the instant action for declaratory and injunctive relief against the

United States in an effort to retrieve her community property share of the amount which, instead of being refunded by the IRS, was paid to the State of Idaho to partially satisfy her husband's past-due child support obligation. Also, by way of a class action, plaintiff seeks to represent all other "innocent spouses" residing in Idaho whose community property share of their joint tax refunds is used to satisfy non-tax obligations incurred by their spouses. Complaint, filed May 27, 1992, at 3 ¶ 6.

To this end, plaintiff's First Claim for Relief alleges that the denial by the IRS of her refund claim violates Idaho Code § 56–203D [1] and Idaho's community property law. In the alternative, plaintiff's Second Claim for Relief alleges that the taking of her share of the tax refund violates the due process clause of the Fifth Amendment to the United States Constitution.

On July 30, 1992, the United States filed a motion to dismiss requesting that this action be dismissed for lack of subject matter jurisdiction. Now, having fully considered the record herein and based on the following analysis, the court finds that the United States' Motion to Dismiss should be granted.

## II. ANALYSIS

### A. The Absence of Subject Matter Jurisdiction

█ Because plaintiff seeks a review of the IRS payment to the State of Idaho under 26 U.S.C. § 6402(c),[2] the United States maintains that this action should be dismissed for lack of subject matter jurisdiction pursuant to 26 U.S.C. § 6402(e), which, in pertinent part, provides the following:

> (e) Review of reductions.—*No court* of the United States shall have jurisdiction to hear *any* action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) or (d). No such reduction shall be subject to review by the Secretary in an administrative proceeding. *No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.* This subsection does not preclude any legal, equitable, or administrative action against the Federal agency to which the amount of such reduction was paid....

26 U.S.C.A. § 6402(e) (West Supp.1992) (emphasis added).

Despite the United States' arguments under § 6402(e), plaintiff claims her action is supported by the case of *Sorenson v. Secretary of the Treasury*, 752 F.2d 1433 (9th Cir.1985), *aff'd*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), and that this court has jurisdiction pursuant to 26 U.S.C. § 7422. In *Sorenson*, the Ninth Circuit Court of Appeals specifically held that an innocent spouse's suit to recover one-half of a tax refund seized under the tax intercept program for the payment of child support was a "tax refund suit." *Id.* at 1438.

---

**1.** In pertinent part, Idaho Code § 56–203D provides:

The *state tax commission* shall withhold and set-off any income tax or tax credit refund of any taxpayer upon notification from the department of health and welfare to collect any unpaid child support.... The set-off or withholding of a refund due a taxpayer shall be completed only after the following conditions have been met:

. . . .

(e) When set-off is attempted on a joint return under the provisions of this section the taxpayer not specified to be the obligor in the claim may protest under the provisions of subsection (1)(d) of this section, and the set-off will be limited to one-half (½) of the joint refund.

Idaho Code § 56–203D(1)(e) (emphasis added).

**2.** In part, 26 U.S.C. § 6402(c) provides:

(c) Offset of past-due support against overpayments.—The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support ... owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act. The *Secretary shall remit* the amount by which the overpayment is so reduced *to the State collecting such support* and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State....

26 U.S.C.A. § 6402(c) (West 1989) (emphasis added).

Plaintiff's reliance on *Sorenson,* however, is misplaced. First of all, that decision was reached prior to the enactment of 26 U.S.C. § 6402(e) which bars jurisdiction in this case. And, secondly, 26 U.S.C. § 6402(e) specifically avoids jurisdiction under 26 U.S.C. § 7422 and supersedes the holding in *Sorenson* by providing that *"No action* brought against the United States to recover the amount of any such reduction shall be considered to be a suit for *refund of tax."* 26 U.S.C.A. § 6402(e) (West Supp.1992) (emphasis added).

Hence, in the wake of the clear and unequivocal language of Section 6402(e), this court is aware of no authority establishing a jurisdictional basis for federal district courts to entertain suits brought by non-obligated spouses against the IRS to recover their portions of intercepted tax refunds.[3] Therefore, because subject matter jurisdiction is lacking, this action shall be dismissed.

#### B. Beyond Subject Matter Jurisdiction

Based on the foregoing finding, the court need not delve into the merits of plaintiff's arguments alleging violations of Idaho Code § 56–203D and the Constitution. Nevertheless, were this court required to reach the merits of plaintiff's contention that the IRS's denial of her refund claim violated Idaho Code § 56–203D and Idaho's community property law, this court would be hard pressed to find for the plaintiff based on Idaho's existing law.

■ First of all, Idaho Code § 56–203D dictates the behavior of the *state tax commission,* not the *federal* Internal Revenue Service. Secondly, the mere existence of that statute as well as Idaho Code § 32–912, the equal management statute, does not abrogate the long standing rule delineated in *Holt v. Empey,* 32 Idaho 106, 178 P. 703 (1919), which provides that a husband's separate debts can be satisfied out of his wife's half of community property. *See* Crapo, *Equal Management of Community Property: Creditors' Rights,* 13 Idaho L.Rev. 177, 178

(1977); Henderson, *Marital Agreements and the Rights of Creditors,* 19 Idaho L.Rev. 177, 178 (1983).

■ Therefore, short of the Idaho Supreme Court re-examining the validity of the rule of *Holt v. Empey,* or the Idaho State Legislature enacting a statute which specifically deals with funds intercepted by the federal government, it appears that plaintiff is faced with bringing an action against the State of Idaho's Bureau of Child Support Enforcement, which is the agency to which the IRS sent the intercepted funds at issue. *See Thomas v. Bennett,* 856 F.2d 1165, 1167 (8th Cir.1988) (recognizing that Congress enacted Section 6402(e) based on the determination that the appropriate place for litigation of these claims is with the agency to whom the obligation is owed).

### III. ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the United States' Motion to Dismiss should be, and is hereby, GRANTED, and this action should be, and is hereby, DISMISSED.

---

**3.** Accordingly, this court is unable to accommodate plaintiff's request for reversal of the decision entered by United States Magistrate Judge Stephen M. Ayers in *Harrison v. United States,* Case No. 90–321–N–HLR, 1990 WL 484363 (D. Idaho, Nov. 27, 1990). *See* Br.Supp. U.S. Mot. Dismiss, filed July 30, 1992, attach. Mem. Op. & Order.