**Emily OATMAN, on behalf of herself and others similarly situated, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF TREASURY–INTERNAL REVENUE SERVICE; United States of America, Defendants–Appellees.**

No. 93–35404.

United States Court of Appeals, Ninth Circuit.

Submitted * Aug. 3, 1994.

Decided Aug. 30, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Randall W. Robinson, Idaho Legal Aid Services, Inc., Lewiston, ID, for plaintiff-appellant.

Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Emily Oatman challenged the Department of Treasury's refusal to return her share of a joint tax refund, which it withheld to satisfy her husband's past-due child support. She filed her action individually and on behalf of a class of similarly situated taxpayers. The district court dismissed for lack of jurisdiction, 814 F.Supp. 912. We vacate the judgment and remand.[1]

## FACTS AND PRIOR PROCEEDINGS

Oatman filed a joint tax return with her husband and was due to receive a refund for overpayment. The Treasury Department sent a notice, as required by 42 U.S.C. § 664(a), that it had withheld the overpayment under 26 U.S.C. § 6402(c) to satisfy her husband's past-due support for a child of a former marriage. She followed the procedures required in the notice to secure her one-half community interest in the overpayment. The Treasury denied her claim, asserting that under Idaho law her share of community property could be used to satisfy her husband's separate debt.

Oatman challenged the denial in district court. She sued on behalf of herself and a class of similarly situated "innocent spouses" in Idaho. The court dismissed for lack of subject matter jurisdiction under 26 U.S.C. § 6402(e). She appeals and requests attorney's fees under 26 U.S.C. § 7430. The Treasury concedes that the court erred in dismissing her individual claims. But it argues that the court did not err in dismissing the class claims.

## DISCUSSION

### A. Oatman's Individual Refund Claim

We review de novo whether a statute provides jurisdiction. *Wiedersperg v. INS*, 896 F.2d 1179, 1181 (9th Cir.1990). A statute's plain meaning should be conclusive unless it creates an inconsistent or incoherent statutory scheme "at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (*quoting Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); *NLRB v. Walsh (In re Palau Corp.)*, 18 F.3d 746, 750 (9th Cir.1994).

The Treasury may reduce a taxpayer's refund for overpayment by the amount of past-due child support owed by that person. 26 U.S.C. § 6402(c). Federal courts have no jurisdiction over any action brought against the Treasury to review this reduction. 26 U.S.C. § 6402(e).[2] Section 6402(e) prohibits even administrative review by the Treasury, and says that no action brought to recover the reduction will be considered a suit for a tax refund. The district court applied section 6402(e) to dismiss Oatman's action for her share of the withheld refund.[3]

---

1. We have jurisdiction under 28 U.S.C. § 1291.

2. That section reads:
   No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) or (d). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal,

equitable, or administrative action against the Federal agency to which the amount of such reduction was paid.

3. Before Congress enacted 26 U.S.C. § 6402(e), we found jurisdiction over a spouse's action against the Treasury to recover her share of an overpayment. *Sorenson v. Secretary of Treasury*, 752 F.2d 1433, 1437 (9th Cir.1985), *aff'd*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). The question is whether section 6402(e) supersedes the holding in *Sorenson*. It does not.

■ This application creates an inconsistency between the statutory schemes of 26 U.S.C. § 6402 and 42 U.S.C. § 664.[4] Although 26 U.S.C. § 6402(e) prohibits any judicial or administrative review of a reduction, 42 U.S.C. § 664(a) requires the Treasury to notify a joint filing spouse of the post-reduction steps she must take to secure her share of the refund, and to pay that share if she takes the appropriate action. As interpreted by the district court, section 6402(e) would prevent the Treasury from reviewing a joint filing spouse's claim to her share. And it would prevent judicial review under 28 U.S.C. § 1346(a)(1) of the Treasury's evaluation of that claim.

Read together, the plain language of both statutes requires a different result. The Treasury may reduce a refund in the amount of any past-due child support owed by a taxpayer, even if that person filed jointly. 26 U.S.C. § 6402(c) and 42 U.S.C. §§ 664(a)(1) and (2)(A). Judicial or administrative review of this initial reduction is prohibited. 26 U.S.C. § 6402(e). But the Treasury must return to a joint filing spouse her share of the refund if she claims it by proper and timely application. 42 U.S.C. § 664(a)(3)(C). Congress did not bar judicial review of post-reduction claims made under section 664(a)(3)(C).

Oatman did not bring her action to "restrain or review a reduction." 26 U.S.C. § 6402(e). She sought review of the Treasury's decision refusing to return her one-half community share of the refund. She satisfied the administrative filing prerequisite for a refund suit by first submitting her claim to the Treasury. 26 U.S.C. § 7422. And she timely filed her suit. 26 U.S.C. § 6532. The district court had jurisdiction under 28 U.S.C. § 1346(a)(1) to review the Treasury's refusal to honor the claim.

The district court also had jurisdiction to hear Oatman's constitutional claim under 28 U.S.C. § 1331 because Congress did not clearly restrict jurisdiction over it. *Webster v. Doe*, 486 U.S. 592, 603, 108 S.Ct. 2047, 2053–54, 100 L.Ed.2d 632 (1988) ("where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear").[5]

## B. *Class Claims*

■ Because it ruled that 26 U.S.C. § 6402(e) prohibited any suit challenging a reduction, the district court did not reach the jurisdictional issues peculiar to the class action. The district court lacks jurisdiction over claims for refunds pressed by any potential class members who have not satisfied the procedural requirements of 26 U.S.C. §§ 6532 and 7422; *Sorenson*, 752 F.2d at 1440. But class members need not have met the procedural requirements to permit jurisdiction over their claims for declaratory and injunctive relief. 5 U.S.C. § 702; *Sorenson*, 752 F.2d at 1440.[6]

## CONCLUSION

We vacate the judgment and remand to the district court to determine Oatman's share of the overpayment, to enter judgment in her favor for that amount, and for further proceedings on the class claims. Oatman's request for attorney's fees is denied because the government's positions before the district court and on appeal were substantially justified.

## VACATED and REMANDED.

4. Congress enacted these closely related statutes one month apart. Pub.L. No. 98–369, § 2653(b)(1), 98 Stat. 1154, 1155 added 26 U.S.C. § 6402(e) on July 18, 1984. Pub.L. No. 98–378, § 21(a), 98 Stat. 1318, 1322–1324 added 42 U.S.C. § 664(a)(2) and (3) on August 16, 1984.

5. The government concedes that under Idaho law a wife's community property share of a refund cannot be permanently taken under the intercept program. We, therefore, set aside the district court's contrary determination.

6. Declaratory and injunctive relief are not otherwise barred by 28 U.S.C. § 2201 or 26 U.S.C. § 7421(a) because the class claims "would not interfere with the assessment and collection activities of the IRS." *Sorenson*, 752 F.2d at 1438. Taxes have already been assessed and collected. The only question is whether the Treasury properly retained refunds owed to the class members.