Emily OATMAN, on Behalf of Herself and Others Similarly Situated, Plaintiff,

v.

SECRETARY OF the TREASURY OF the UNITED STATES and the United States of America, Defendants.

Civ. No. 92–0219–N–HLR.

United States District Court, D. Idaho.

May 30, 1995.

**938**

Randal W. Robinson, Idaho Legal Aid Services, Inc., Lewiston, ID, for plaintiff.

Betty H. Richardson, U.S. Atty., Boise, ID, Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants.

### ORDER GRANTING MOTION FOR CLASS CERTIFICATION AND MOTION TO COMPEL

LODGE, District Judge.

#### I. INTRODUCTION

The above-entitled matter is before this court on remand from the Ninth Circuit Court of Appeals. Presently before the court are plaintiff's Motion For Class Certification, filed February 8, 1995, and plaintiff's Motion to Compel Answers to First and Second Set of Interrogatories, also filed February 8, 1995. These motions have been fully briefed and are now ripe for decision.

The facts and procedural background of this matter are set forth in detail in prior orders of this court and in the opinion of the Ninth Circuit Court of Appeals in *Oatman v. Dept. of Treasury–I.R.S.*, 34 F.3d 787 (9th Cir.1994). Accordingly, such matters will not be restated here except where necessary.

#### II. ANALYSIS

The United States has opposed plaintiff's Motion For Class Certification on the grounds that the Internal Revenue Service has now changed its policy in accordance with the decision in this case by the Ninth Circuit. Thus, the United States contends that there is now no need for a class action. The United States also argues that plaintiff's claims are not typical of the class, and that requiring the United States to identify and give notice to the class would be unduly burdensome. And, finally, the United States contends that the plaintiff has failed to satisfy the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.

The court has carefully reviewed and considered the memoranda filed by the parties in relation to the Motion for Class Certification, as well as the cases cited therein. Based upon this review, the court finds that the motion shall be granted for the following reasons.

■ First, representations that all wrongdoing has ceased do not justify denying plaintiff's motion or finding that this matter is now moot. In *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), the Supreme Court held that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot...." *Id.* at 632, 73 S.Ct. at 897 (citations and footnotes omitted).[1] Furthermore, the position of the United States makes no provision for correcting

**1.** *See also Walling v. Helmerich & Payne,* 323 U.S. 37, 43, 65 S.Ct. 11, 14, 89 L.Ed. 29 (1944): "Voluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power."

past wrongs against potential members of the class.

Second, the court is understandably wary of any representations of the United States in this matter. The United States came before this court seeking dismissal on jurisdictional grounds and as a matter of law on the merits of the case. After the United States persuaded the court of the correctness of its position on both points, this action was dismissed. Then, on appeal before the Ninth Circuit, the United States suddenly conceded that its contentions were meritless,[2] and the decision of this court was vacated and the case was summarily remanded.

Third, the Ninth Circuit clearly contemplated that this case should and would be converted into a class action. *Oatman v. Dept. of Treasury–I.R.S.*, 34 F.3d at 789. This court will follow that mandate. Lastly, upon review of the record, the court finds that the contentions of the United States that plaintiff's claims are not typical of the class, that its obligations in the conduct of the class action would be unduly burdensome, and that the plaintiff has failed to satisfy the numerosity requirement are without merit and shall not preclude certification in this matter.

■ The argument of the United States regarding numerosity is based primarily on the fact that the plaintiff thus far has not been able to identify specific potential members of the class. However, this inability is a direct result of the refusal of the United States to provide this information to the plaintiff. Thus, the plaintiff has been forced to file a motion to compel. The court finds this motion to be well-taken and it shall be granted.

■ The court is not persuaded by the United States' contentions that requiring it to provide the requested information, and/or requiring it to provide notice to prospective class members, would be unduly burdensome. Furthermore, Rule 33(a) of the Federal Rules of Civil Procedure provides that a party "shall furnish such information as is available to the party." That the United States may have an objection to plaintiff's interrogatories as excessively burdensome is not an excuse for responding with nothing but objections. The United States must furnish such information responsive to the discovery requests as is available through reasonable efforts. Failure to do so may provide grounds for sanctions.

## III. SUMMARY

In summary, the court finds that plaintiff's Motion for Class Certification, and plaintiff's Motion to Compel Answers to First and Second Set of Interrogatories shall be granted. The court notes that, in her proposed order granting motion for certification, it appears the plaintiff also contemplated that the court would enter declaratory and injunctive class relief at this time. The court finds that such an order, and any orders necessary to implement and conduct the class action, shall be entered only upon an appropriate motion or motions formally filed and briefed to the court.

## IV. ORDER

Based on the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiff's Motion for Class Certification, filed February 8, 1995, should be, and is hereby, GRANTED. Emily Oatman shall be the class representative, and, pursuant to Rule 23(b)(2), this action may be maintained as a class action, with the class designated as follows:

The plaintiff, Emily Oatman, and all other residents of the State of Idaho who (1) will file joint federal income tax returns; (2) whose spouse owes money for a non-tax obligation for child support; (3) who are entitled to a refund of taxes withheld by the Internal Revenue Service under authority of 26 U.S.C. § 6402 or 42 U.S.C. § 664; and, in addition to said residents, all Idaho residents who, in addition to meeting the above three stated conditions in the past, have met the procedural requirements of 26 U.S.C. §§ 6532 and 7422 by filing a claim for a refund or credit and, since May 27, 1990, had their claim denied for the reason that such non-obligor resi-

---

2. *See Oatman v. Dept. of Treasury–I.R.S.*, 34 F.3d at 788, and 789 n. 5.

dent was not entitled to a community property share under Idaho law.

IT IS FURTHER ORDERED that plaintiff's Motion to Compel Answers to First and Second Set of Interrogatories, filed February 8, 1995, should be, and is hereby, GRANTED. The United States shall respond to plaintiff's first set and second set of interrogatories within the time limits prescribed by Rule 33 of the Federal Rules of Civil Procedure.